■ DONNA BROWN et al., Appellants, v WILLABELL JOHNSON, Doing Business as RIVERSIDE HOTEL, Respondent. [660 NYS2d 476] —Mikoll, J. P. Appeal from an order of the Supreme Court (Demarest, J.), entered October 24, 1996 in St. Lawrence County, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff Donna Brown (hereinafter plaintiff) was injured when she fell while "fast dancing" on the dance floor of defendant's hotel. Plaintiff and her husband, derivatively, sued defendant for damages. After issue was joined and depositions taken, defendant made a motion for summary judgment on the basis that plaintiffs failed to show constructive or actual notice of any hazardous condition causing plaintiff's fall and sought, as well, the protection from the "storm in progress" defense. Plaintiffs cross-moved for summary judgment, asserting that the lack of a floor mat and/or the existence of soap on the mop used to dry the floor created the hazardous condition.

Supreme Court held that there was no evidence that defendant or her employee had actual notice that the floor was wet and that there was insufficient proof to establish constructive notice of a dangerous condition. Defendant's motion for summary judgment was granted and plaintiffs' cross motion was denied.

It was plaintiffs' duty to show that defendant had actual or constructive knowledge of a hazardous condition which caused plaintiff to fall and that defendant had a reasonable time to correct the condition (see, *Boyko v Limowski*, 223 AD2d 962). Constructive notice requires a showing that the condition was visible and apparent and existed for a sufficient period of time prior to the accident to permit defendant to discover it and take corrective action (see, *Trujillo v Riverbay Corp.*, 153 AD2d 793, 794).

It is uncontroverted that an off-duty employee had dried the area of free-standing water within 10 minutes of plaintiff's fall. The employee averred that she had no actual notice of standing water accumulating in the area during this 10-minute period. It is also urged that, in any event, so short a period of time is insufficient to impute constructive notice to the owner (*see, Maiorano v Price Chopper Operating Co.*, 221 AD2d 698, 699).

Having failed to set forth a sufficient factual basis establishing either actual or constructive notice of a hazardous condition, plaintiffs have not met their burden of establishing the existence of a question of fact requiring a trial. Supreme Court correctly ruled that defendant was entitled to summary judgment.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.