■ Albert Sosa, Appellant, v Golub Corporation et al., Respondents. [710 NYS2d 171] —Rose, J. Appeals (1) from an order of the Supreme Court (Dowd, J.), entered September 24, 1999 in Otsego County, which granted defendants' motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

On September 18, 1997, at approximately 8:15 P.M., plaintiff was allegedly injured when he slipped and fell on the wet floor of a produce aisle in defendants' supermarket in the City of Oneonta, Otsego County. Plaintiff then commenced this action, alleging in his complaint that defendants had allowed water from adjoining produce displays to accumulate and cause an "undetectable slippery water condition" on the floor of the aisle.

Following his deposition of two of the supermarket's managers, defendants moved for summary judgment dismissing the action. Finding that plaintiff had failed to present proof that defendants either created the slippery condition or had actual or constructive notice of the condition, Supreme Court granted the motion. Plaintiff appeals.

"In a case such as this involving a slip and fall accident, to establish a prima facie case plaintiff was required to show either actual or constructive notice of the condition causing the fall and this necessitated proof that defendant created the condition or that it had a reasonable opportunity to remedy the situation" (*Grimes v Golub Corp.*, 188 AD2d 721, 721-722; *see, Gordon v American Museum of Natural History*, 67 NY2d 836, 837).

In support of the motion, defendants submitted the sworn statements of four of the supermarket's managers. The affidavit and deposition testimony of Gerald Losee, the assistant grocery manager, asserted that plaintiff told Losee he had fallen on water in an area in front of a salad display case, that plaintiff pointed out the water on the floor and that Losee had observed the water to be about three inches in diameter. Losee also stated that there were no overhead nozzles used to spray a mist of water onto fresh produce in the vicinity of plaintiff's fall, that defendants had not placed the water on the floor and that defendants had no prior knowledge of the water on which plaintiff fell.

Defendants also presented the affidavit and deposition testimony of Jeffrey Cuddy, the store's produce manager, stating that the wet spot in question was six to eight feet away from the salad display case and was 16 to 20 feet away from the fresh produce section where a misting system was being used. He also stated that the spot was four or five inches in diameter, that there was no source of water in its vicinity and that there was no water on the floor when he had last inspected the produce department 15 to 20 minutes before plaintiff fell. Both Losee and Cuddy asserted that they observed no other water on the floor in the produce aisle that night. All four of the managers averred that they had never received any prior complaints about the misting equipment malfunctioning or causing slippery conditions and that they had never observed water accumulating on the floor as a result of the use of that equipment.

Since this evidence satisfied defendants' initial burden of establishing prima facie that they did not create or have notice of the wet floor which caused plaintiff's injury (*see, Zuckerman*

*v City of New York,* 49 NY2d 557, 562), the burden shifted to plaintiff to submit evidentiary proof in admissible form raising a triable issue of fact as to whether defendants created or had notice of the water on which he fell. "Mere conclusions based upon surmise, conjecture, speculation or assertions are without probative value" (*Maiorano v Price Chopper Operating Co.,* 221 AD2d 698, 699).

In his answering affidavit, plaintiff asserted that the "collection of standing water" on which he fell was not located near the salad display case as Losee and Cuddy alleged, but rather was approximately halfway down the aisle and adjacent to a display case where overhead nozzles periodically sprayed a mist onto the produce below. Plaintiff also submitted the affidavit of Tim Catella, a shopper who had witnessed his fall. Catella noted the time of the fall as approximately 8:15 P.M., confirmed plaintiff's account of where he fell, described the wet spot as being an accumulation of water two to three feet long and stated that he had seen puddles of water in the produce aisle on previous occasions. Lastly, plaintiff submitted three photographs, but they were not relevant as they were taken 17 months after his fall and were unsupported by any evidence that they portrayed the conditions in the aisle at the time of the fall (*see, Truesdell v Rite Aid,* 228 AD2d 922, 923).

Although plaintiff's statements are sufficient to raise an issue of fact as to the place where he fell, his conclusory allegation that defendants created the slippery condition at that place through the use of a water misting system is founded solely on surmise or speculation rather than admissible evidence (*see, Goldman v Waldbaum, Inc.,* 248 AD2d 436, 437, *lv denied* 92 NY2d 805). The statements of Catella and Cuddy that they had observed water on the produce aisle floor on prior occasions are not evidence that defendants had actual notice of the puddle on which plaintiff fell, and defendants' general awareness that slippery conditions may be present in the produce aisle is not legally sufficient to charge them with constructive notice of the water which caused plaintiff's fall (*see, Gordon v American Museum of Natural History, supra,* at 838).

On the issue of constructive notice, plaintiff offers no evidentiary support for his claim that the wet condition was visible and apparent and had existed for nearly four hours. Plaintiff draws this speculative conclusion from Cuddy's testimony that, from 4:30 P.M. to the time of plaintiff's fall, he had been the only produce department employee still working and he could not remember what he had been doing during that time. On

further questioning by plaintiff's attorney, however, Cuddy recalled that he had been on the aisle filling a display table with produce until 15 to 20 minutes prior to plaintiff's fall and that he saw no water on the floor. Moreover, plaintiff's claim that the water was apparent is belied by the assertion in his complaint that the slippery watery condition was undetectable.

Finally, we find no merit in plaintiff's contention that, in the determination of this appeal, he is entitled to the benefit of a missing witness "charge."

Mercure, J. P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order and judgment are affirmed, with costs.