■ SHAWN E. DOMINY, Appellant, v GOLUB CORPORATION et al., Respondents. [730 NYS2d 362] —Mugglin, J. Appeal from an order of the Supreme Court (Caruso, J.), entered January 31, 2000 in Schenectady County, which granted defendants' motion for summary judgment dismissing the complaint.

On the evening of January 15, 1994, plaintiff was injured when he fell after crossing the threshold of defendants' supermarket, having allegedly slipped in a large puddle of water caused by melted snow and slush tracked in by previous customers. This negligence action ensued. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court granted the motion, ruling that plaintiff had failed to demonstrate that defendants could be charged with either constructive or actual notice of the unsafe condition. Plaintiff appeals.

Defendants sustained their initial burden of making a prima facie showing of entitlement to judgment by presenting, *inter alia*, the deposition testimony of Timothy Donnelly, an employee at the supermarket on the evening in question, whose responsibility it was to maintain the floor at the front of the store in as safe a condition as possible during the inclement winter weather. Donnelly testified that he had inspected the floor at the front end of the store some 20 to 25 minutes prior to the accident at which time he observed that the three rugs located inside the store's entry were wet from melted ice and snow but not saturated. The floor beyond the rugs was damp, Donnelly observed, but there was no large puddle of water on the floor, contrary to plaintiff's assertions. Two signs reading "Wet Floor" had been posted in the area. Also in evidence was the deposition testimony of William Wein, the store's manager on the evening in question. He stated that the floors near the entrance were regularly inspected and mopped on an as-needed basis and that during inclement weather, the floors near the store's entrance would be inspected and mopped several times in a two-hour period. This testimony was sufficient to sustain defendants' threshold burden of showing that they did not have actual or constructive notice of the presence of a hazardous condition at the time of plaintiff's accident* (*see, Walker v Golub Corp.*, 276 AD2d 955; *Van Winkle v Price Chopper Operating Co.*, 239 AD2d 692).

Plaintiff failed to sustain his burden of coming forward with admissible evidence establishing the existence of a material issue of fact, i.e., that defendants had actual or constructive no-

---

* It has not been alleged that defendants created the condition that allegedly precipitated plaintiff's fall.

tice of the unsafe condition and a reasonable opportunity to remedy it (*see, Sosa v Golub Corp.*, 273 AD2d 762; *Maiorano v Price Chopper Operating Co.*, 221 AD2d 698, 699). Plaintiff's proof included the deposition testimony of store employees who expressed a general awareness that winter weather often creates hazardous conditions and described the precautions taken at the store to alleviate them. This, together with plaintiff's own testimony in which he described his fall, fell short of establishing that defendants had either constructive or actual notice of an unsafe condition within a reasonable time to remedy it (*see, Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969; *Reynolds v Masonville Rod & Gun Club*, 247 AD2d 682, 683).

This conclusion is not altered by plaintiff's representation that following his fall, he overheard an unidentified store employee say, "Why wasn't this water cleaned up? Get a mop and let's get this cleaned up." This statement satisfied none of the exceptions to the rule against the admission of hearsay evidence (*see, Loschiavo v Port Auth.*, 86 AD2d 624, *affd* 58 NY2d 1040 [statements made by an employee assisting a customer after a fall ruled inadmissible as an exception to the hearsay rule]; *accord, Sherman v Tamarack Lodge*, 146 AD2d 767, 768, *lv denied* 74 NY2d 613) and cannot, in any event, be deemed "of sufficient probative force to defeat a motion for summary judgment" (*Walker v Golub Corp.*, 276 AD2d 955, 957). Hence, the order of Supreme Court awarding summary judgment to defendants will not be disturbed.

Crew III, J. P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.

