■ JUANITA DAVIS, Respondent, v GOLUB CORPORATION, Doing Business as PRICE CHOPPER, Appellant. [730 NYS2d 370] —Mugglin, J. Appeal from an order of the Supreme Court (Reilly Jr., J.), entered March 27, 2001 in Schenectady County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action seeking damages for injuries she allegedly sustained when she slipped and fell in an aisle of defendant's supermarket on a transparent liquid, which was later identified by store personnel as bleach. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion, finding a triable issue of fact as to whether defendant had actual notice of the unsafe condition. This appeal ensued.

"It is well settled that in cases involving a slip and fall as the result of a slippery or foreign substance on a supermarket floor, the plaintiff must establish that the defendant either created the allegedly dangerous condition or had actual or constructive notice of it" (*Collins v Grand Union Co.*, 201 AD2d 852 [citations omitted]). The record in this matter is devoid of proof that defendant created the allegedly dangerous condition in question.

On the issue of whether defendant had notice of the unsafe condition, defendant presented the deposition testimony of the store's manager, Glenn Peek, who averred that he had inspected the floor of the aisle in question 10 minutes prior to plaintiff's fall, at which time the floor had been clean and dry. This proof was sufficient to sustain defendant's initial burden on its motion for summary judgment (*see, Walker v Golub Corp.*, 276 AD2d 955 [store clerk's deposition testimony that 20 minutes before fall floor was dry and bare ruled prima facie evidence of lack of notice]; *Van Winkle v Price Chopper Operating Co.*, 239 AD2d 692 [assistant manager's deposition testimony that floor was cleaned 35 to 40 minutes before fall ruled prima facie evidence of lack of notice]).

The burden then fell upon plaintiff to submit proof in admissible form of sufficient probative value to establish the existence of a material issue of fact precluding summary judgment (*see, Sosa v Golub Corp.*, 273 AD2d 762). In her opposition to defendant's motion, plaintiff proffered her own testimony that she had not observed the substance on the floor prior to her fall; however, a short time after her accident, she overheard a

store employee, whom she was unable to identify, making a statement which she interpreted as meaning that "he had gone back before I fell on the floor to get a mop and pail to wash it up." This statement satisfies none of the exceptions to the rule against the admission of hearsay evidence and is, accordingly, in violation of the requirement that proof submitted by the opponent of a summary judgment motion must be in admissible form (see, CPLR 3212 [b]). While "this rule is somewhat flexible" (Chrysler First Fin. Servs. Corp. v De Premis, 225 AD2d 1003, 1004; see, Tkach v Golub Corp., 265 AD2d 632, 633) when an acceptable excuse is submitted or a demonstration is made that the hearsay is "of sufficient probative force to defeat a motion for summary judgment" (Walker v Golub Corp., supra, at 957), neither of these requirements has been satisfied here. We conclude that plaintiff failed to sustain her burden of demonstrating the existence of a triable issue of fact; hence, summary judgment dismissing the complaint is the appropriate outcome in this matter.

Crew III, J. P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.