■ CHARLES HILSMAN, JR., an Infant, by CHARLES A. HILSMAN, His Parent, et al., Respondents, v SARWIL ASSOCIATES, L.P., et al., Appellants. [786 NYS2d 225]—

Spain, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered March 30, 2004 in Saratoga County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiffs commenced this negligence action to recover for knee injuries allegedly sustained by plaintiff Charles Hilsman, Jr. (hereinafter the child) on August 11, 1998 when he—an 11 year old using crutches due to a broken ankle—slipped and fell on a wet floor just inside an entrance to the Wilton Mall, located in the Town of Wilton, Saratoga County. Asserting a storm in progress defense and lack of notice, defendants moved for summary judgment. Supreme Court denied the motion, finding triable issues of fact precluding summary judgment. On defendants' appeal, we affirm.

We begin with an overview of the recognized parameters of the storm in progress defense. It is well settled that a landowner's obligation to take reasonable measures to correct storm-created snow and ice conditions does not commence until after the storm has ceased (*see Parker v Rust Plant Servs., Inc.*, 9 AD3d 671, 672 [2004]; *Campagnano v Highgate Manor of Rensselaer*, 299 AD2d 714, 715 [2002]; *Lyons v Cold Brook Cr. Realty Corp.*, 268 AD2d 659, 659 [2000]). This defense evolved in this state in recognition of "the realities of problems caused by winter weather" (*Fusco v Stewart's Ice Cream Co.*, 203 AD2d 667, 668 [1994]), that is, as "a common-sense rule arising from the fact that snow and ice conditions are unpredictable, natural hazards against which no one can insure and which in their nature cannot immediately be alleviated" (*Valentine v State of New York*, 197 Misc 972, 975 [1950], *affd* 277 App Div 1069 [1950]; *see Kelly v Manhattan Ry. Co.*, 112 NY 443, 452-453 [1889]).

Over time, the defense has been extended to apply to dangerous conditions occurring *inside* a building entrance caused by winter storms (*see Zonitch v Plaza at Latham*, 255 AD2d 808, 808-809 [1998]; *see also Hussein v New York City Tr. Auth.*, 266 AD2d 146, 146-147 [1999]) and is not limited to snow, but applies as well to conditions caused by sleet and/or freezing rain (*see e.g. Fusco v Stewart's Ice Cream Co., supra* at 667). We are unaware of any case thus far, however, where the doctrine has

been applied to conditions caused by a storm where the only precipitation is rain (*see e.g. Brown v Johnson*, 241 AD2d 829 [1997] [storm in progress defense raised; case decided on lack of notice]). While many related principles of law have emerged to recognize the challenges a property owner faces during a rainstorm,* we discern that the prevailing view is to adhere to traditional rules governing landowner liability in slip and fall situations, recognizing that a store owner "cannot prevent some water and mud being brought into an entranceway on a rainy day and [ ] is not responsible for injuries caused thereby unless it is shown that the construction of the store is inherently dangerous or that [the owner] failed to use care to remedy conditions which had become dangerous, after actual or constructive notice of such conditions" (*Miller v Gimbel Bros.*, 262 NY 107, 108-109 [1933]; *see Fortgang v Chase Manhattan Bank*, 23 NY2d 895, 896 [1969]; *Tucci v Stewart's Ice Cream Co.*, 296 AD2d 650, 650 [2002], *lv denied* 98 NY2d 615 [2002]; *see also Shernicoff v 1700 Broadway Co.*, 304 AD2d 409, 409-410 [2003]; *Izrailova v Rego Realty*, 309 AD2d 902, 902 [2003]; *Smith v May Dept. Store, Co.* 270 AD2d 870, 870 [2000]).

Here, there is no allegation that any conduct by defendants created the alleged dangerous condition; thus, we consider first whether defendants met their burden—as the proponents of the motion for summary judgment—of establishing that they lacked actual or constructive notice of the condition claimed to have caused the child's fall (*see Tucci v Stewart's Ice Cream Co., supra* at 650; *Hughes v Carrols Corp.*, 248 AD2d 923, 924 [1998]). In support of their motion, defendants rely on plaintiffs' admissions that it had been raining throughout the day and that the rain had stopped, at most, 10 to 15 minutes prior to the accident. Defendants also submitted deposition testimony of the mall's manager to establish that no report had been made that day of any slippery condition at the entranceway and that the mall's procedure for remedying such situations was to periodically inspect the area and, when necessary, to mop and place "wet floor" signs to caution patrons. In an affidavit, the

---

* For example, a property owner is "not obligated to provide a constant remedy to the problem of water being tracked into a building in rainy weather" (*Yearwood v Cushman & Wakefield*, 294 AD2d 568, 568-569 [2002]; *see Keum Choi v Olympia & York Water St. Co.*, 278 AD2d 106, 107 [2000]), nor "required to cover all of its floors with mats, nor to continuously mop up all moisture resulting from tracked-in rain" (*Negron v St. Patrick's Nursing Home*, 248 AD2d 687, 687 [1998]; *see Keir v State of New York*, 188 AD2d 918, 918 [1992]). We have also stated that "the mere fact that a floor or walkway becomes slippery when wet does not establish a dangerous condition" (*Todt v Schroon Riv. Campsite*, 281 AD2d 782, 783 [2001]).

housekeeping staff supervisor responsible for making such inspections states that he was on duty that evening and his custom was to inspect the area on an hourly basis and, had he found wet conditions, he would have mopped the floor as dry as possible. The mall manager and the housekeeping staff shift supervisor agreed that, due to a mat system installed in the vestibules of each mall entrance, the tracking in of rainwater by mall patrons was virtually nonexistent.

In our view, defendants' evidence satisfied their initial burden of demonstrating that the record contains no evidence that the alleged hazardous condition existed for a sufficient period of time to charge defendants with constructive notice thereof and plaintiffs have not met their burden of establishing the existence of a question of fact on this issue, having failed in their opposition papers to present any proof to establish that the floor was wet for any appreciable length of time (see Hughes v Carrols Corp., supra at 924-925; Brown v Johnson, 241 AD2d 829, 829 [1997]; Lottie v Edwards-Knox Cent. School Dist., 235 AD2d 678, 679 [1997]; Eaton v Pyramid Co. of Ithaca, 216 AD2d 823, 824 [1995]; cf. Lavergne v District Three IUE Troy Hills Hous. Corp., 275 AD2d 545, 546 [2000]).

We reach a different conclusion, however, with respect to the sufficiency of defendants' proof establishing a lack of actual notice. In their moving papers, defendants included an accident report which noted that a wet floor sign was located about six feet inside the entrance where the child fell. Although we have found that the presence of a wet floor sign will not preclude a finding that defendants lacked actual notice of the condition of the floor at the time of an accident, here defendants have failed to establish that the sign was placed either as a purely precautionary measure or in response to condition that had been addressed prior to the accident (cf. Tucci v Stewart's Ice Cream Co., supra at 650-651; Dominy v Golub Corp., 286 AD2d 810, 810 [2001]). Accordingly, we conclude that factual issues remain to be resolved concerning whether defendants had actual notice of a dangerous condition.

Mercure, J.P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.