■ Joan Mitchell, Appellant, v Uniforms USA, Inc., et al., Respondents. [919 NYS2d 551]—

Stein, J.

Plaintiff was injured at her workplace when she slipped and fell on an area of wet tile in the building's lobby left uncovered by protective matting. She thereafter commenced this action against the subcontractors who maintained floor mats in, or cleaned, the building. After joinder of issue and discovery, defendants separately moved for summary judgment, arguing that they owed no duty to plaintiff and, in any event, lacked actual or constructive notice of the allegedly dangerous condition. Supreme Court granted defendants' motions on the latter basis and plaintiff appeals.

We affirm. Assuming without deciding that either defendant owed a duty to plaintiff, she still "cannot recover absent a showing that defendant[s] either created the claimed dangerous condition, or had actual or constructive notice thereof, and an opportunity to remedy the defect" (*Golonka v Saratoga Teen & Recreation of Saratoga Springs*, 249 AD2d 854, 855 [1998]; *see Zibro v Saratoga Natl. Golf Club, Inc.*, 55 AD3d 998, 999-1000 [2008]; *Hilsman v Sarwil Assoc., L.P.*, 13 AD3d 692, 694 [2004]). Plaintiff's accident arose in the midst of heavy rain outside, and defendants neither caused the wet floor nor had actual notice of it; indeed, the accident occurred before the janitorial staff of defendant UNICCO Service Company arrived for the day, and defendant Uniforms USA, Inc. had no personnel on site that day. As to the issue of constructive notice, there is no proof as to how long the water was on the floor and neither defendant had previously received complaints of water in that area. Plaintiff submitted nothing to controvert the above evidence. Contrary to her contention, a generalized awareness that water could be tracked in during a storm did not constitute constructive notice of the specific condition leading to her fall (*see Solazzo v New York City Tr. Auth.*, 6 NY3d 734, 735 [2005]; *Rogers v Rockefeller Group Intl., Inc.*, 38 AD3d 747, 750 [2007]; *Hilsman v Sarwil Assoc., L.P.*, 13 AD3d at 694 n). Accordingly, Supreme Court properly granted defendants' motions for summary judgment (*see Rogers v Rockefeller Group Intl., Inc.*, 38 AD3d at 749-750; *Hilsman v Sarwil Assoc., L.P.*, 13 AD3d at 695; *Garcia v Delgado Travel Agency*, 4 AD3d 204 [2004]).

Peters, J.P., Spain, Rose and Egan Jr., JJ., concur. Ordered that the order is affirmed, with one bill of costs.