Peters, P.J.
*1287 Plaintiff and her husband, derivatively, commenced this negligence action to recover for the injuries she sustained as a result of the fall. Following the completion of discovery, defendants moved for summary judgment dismissing the complaint and plaintiffs cross-moved for, among other things, an adverse inference charge with respect to certain videotape evidence that defendants allegedly failed to produce. Finding the absence of any issues of material fact with regard to liability, Supreme Court granted defendants’ motion and denied plaintiffs’ cross motion. Plaintiffs appeal.
A defendant who moves for summary judgment in a slip-and-fall case has the threshold burden of establishing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (see Johnson v Culinary Inst. of Am., 95 AD3d 1077, 1078 [2012]; Harrington v Fernet, 92 AD3d 1070, 1071 [2012]; Anderson v Weinberg, 70 AD3d 1438, 1439 [2010]; Sosa v Golub Corp., 273 AD2d 762, 763 [2000]). Once a defendant has actual or constructive notice of a dangerous condition, the defendant has a reasonable time to correct or warn of its existence (see Mercer v City of New York, 88 NY2d 955, 956 [1996]; Aquino v Kuczinski, Vila & Assoc., P.C., 39 AD3d 216, 219 [2007]; Lewis v Metropolitan Transp. Auth., 99 AD2d 246, 250 [1984], affd 64 NY2d 670 [1984]). Here, defendants demonstrated that they did not create the dangerous condition and, although their employees had actual notice of the spill, they did not have reasonable time to remedy it. Rather, the proof submitted by defendants established that their employees promptly responded to the spill and that the clean-up process was underway at the time of plaintiffs fall (see Randall v Montefiore Med. Ctr., 7 AD3d 464, 464-465 [2004], lv denied 3 NY3d 608 [2004]; Williams v Hannaford Bros. Co., 274 AD2d 649, 650 [2000]). Furthermore, defendants established that they satisfied their duty to warn by placing two warning signs (one of which was attached to the utility cart) in the area of the spill (see Rivero v Spillane Enters., Corp., 95 AD3d 984, 985 [2012]; Hammond v International Paper Co., 161 AD2d 914, 915 [1990]).
In opposition to the motion, plaintiffs failed to raise a question of fact. The affidavit of their professional engineer — which focuses almost entirely on the physical layout of the aisle and the congestion existing in the area of plaintiffs fall — fails to raise a triable issue as to the timeliness of defendants’ response to the spill, the adequacy of the warnings or whether defend *1288 ants created the dangerous condition. Furthermore, the affidavit of the patron who was shopping at the time of plaintiffs fall is consistent with the statements of defendants’ employees and confirms that the cleaning process was underway at the time of plaintiffs fall. While this witness and plaintiff similarly stated that, immediately after plaintiffs fall, they overheard the store manager reprimand the janitor about why he had not yet cleaned up the spill, plaintiffs failed to establish the applicability of any exception to the hearsay rule (see Alvarez v First Natl. Supermarkets, Inc., 11 AD3d 572, 574 [2004]; Laguesse v Storytown U.S.A., 296 AD2d 798, 799-800 [2002]; see generally Tyrrell v Wal-Mart Stores, 97 NY2d 650, 652 [2001]). Nor is such hearsay statement of sufficient probative force to defeat the motion for summary judgment (see Davis v Golub Corp., 286 AD2d 821, 821-822 [2001]; Dominy v Golub Corp., 286 AD2d 810, 811 [2001]; Walker v Golub Corp., 276 AD2d 955, 957 [2000]). Accordingly, Supreme Court properly granted defendants’ motion for summary judgment dismissing plaintiffs’ complaint.
Rose, Spain, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, with costs.