# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**244**
**CA 13-00691**
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND SCONIERS, JJ.

---

ESAD SEFERAGIC, PLAINTIFF-RESPONDENT,

V                                                     MEMORANDUM AND ORDER

HANNAFORD BROS. CO., A SUBSIDIARY OF MARTIN
FOODS OF SOUTH BURLINGTON, INC., DOING BUSINESS
AS HANNAFORD SUPERMARKETS, DEFENDANT-APPELLANT.

---

HISCOCK & BARCLAY, LLP, ALBANY (DAVID M. COST OF COUNSEL), FOR
DEFENDANT-APPELLANT.

PETER S. PALEWSKI, NEW YORK MILLS, FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Oneida County (David A. Murad, J.), entered November 30, 2012 in a personal injury action. The order denied defendant's motion for summary judgment dismissing plaintiff's complaint.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint is dismissed.

Memorandum:  Plaintiff commenced this action seeking damages for injuries he sustained when he slipped and fell on premises owned by defendant.  We agree with defendant that Supreme Court erred in denying its motion for summary judgment dismissing the complaint. " 'In seeking summary judgment dismissing the complaint, defendant had the initial burden of establishing that it did not create the alleged dangerous condition and did not have actual or constructive notice of it' " (*King v Sam's E., Inc.*, 81 AD3d 1414, 1414).  We note at the outset that plaintiff did not assert that defendant created the allegedly dangerous condition, and thus the only issue before the court was whether defendant had actual or constructive notice thereof (*see Navetta v Onondaga Galleries LLC*, 106 AD3d 1468, 1469). Defendant established that it did not have actual notice of the allegedly dangerous condition by demonstrating that it did not receive any complaints about the allegedly wet floor prior to plaintiff's fall (*see Quinn v Holiday Health & Fitness Ctrs. of N.Y., Inc.*, 15 AD3d 857, 857).  The fact that it was raining during the morning of plaintiff's fall and defendant's employees placed wet floor warning cones near the entrance "does not require a finding that defendant[] had actual notice of the allegedly dangerous condition.  Defendant[] demonstrated that the warning signs were put out as a safety precaution and not in response to complaints regarding the condition

of the floor where plaintiff fell" (*Snauffer v 1177 Ave. of the Ams. LP*, 78 AD3d 583, 583).  With respect to constructive notice, defendant submitted the deposition testimony of its manager in which he stated that the floor was dry following plaintiff's fall and that no remedial action was required.  In addition, defendant submitted plaintiff's deposition testimony in which he stated that he did not observe any puddles on the floor after he fell.  "It is well established that, '[t]o constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it' " (*King*, 81 AD3d at 1415), and here defendant established as a matter of law by the deposition testimony of defendant's manager and, indeed, plaintiff's own deposition testimony that the defect was not visible and apparent (*cf. King*, 81 AD3d at 1415).  Plaintiff failed to raise an issue of fact in response (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered:  March 21, 2014                    Frances E. Cafarell
                                            Clerk of the Court