*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 20, 2014          517796
_____

MARLA McMULLIN et al.,
                    Appellants,

     v                                   MEMORANDUM AND ORDER

MARTIN'S FOOD OF SOUTH
    BURLINGTON, INC., Doing
    Business as HANNAFORD
    SUPERMARKETS AND SUPERSTORE,
                    Respondent.
_____

Calendar Date:  September 3, 2014

Before:  Peters, P.J., Lahtinen, Garry, Rose and Clark, JJ.

                    _____

        John T. Casey Jr., Troy, for appellants.

        Hiscock & Barclay, LLP, Albany (David M. Cost of counsel),
for respondent.

                    _____

Clark, J.

        Appeal from an order of the Supreme Court (Nolan Jr., J.),
entered August 9, 2013 in Saratoga County, which granted
defendant's motion for summary judgment dismissing the complaint.

        Plaintiff Marla McMullin (hereinafter plaintiff) and her
husband, derivatively, commenced this action to recover for
injuries she sustained after slipping and falling on seltzer
water on the floor of an aisle in defendant's grocery store.
After completion of discovery, defendant moved for summary
judgment dismissing the complaint conceding actual notice of the
spill, but contending that it acted reasonably to remedy the
hazardous condition and, therefore, was not negligent as a matter

of law.  Supreme Court agreed and granted defendant's motion.
Plaintiffs appeal arguing, among other things, that an issue of
fact exists as to whether defendant adequately warned of the
dangerous condition.

We affirm.  "A defendant who moves for summary judgment in
a slip-and-fall case has the initial burden of making a prima
facie showing that it neither created the hazardous condition nor
had actual or constructive notice of its existence for a
sufficient length of time to discover and remedy it" (Johnson v
Culinary Inst. of Am., 95 AD3d 1077, 1078 [2012] [citations
omitted]; see Beckerleg v Tractor Supply Co., 107 AD3d 1208, 1209
[2013]).  "Once a defendant has actual or constructive notice of
a dangerous condition, the defendant has a reasonable time to
correct or warn of its existence" (Scherer v Golub Corp., 101
AD3d 1286, 1287 [2012] [citations omitted]).

Here, in support of its motion for summary judgment,
defendant sets forth, among other things, transcripts of the
deposition testimony of both plaintiffs, as well as two of its
employees, Kevin Loveland and William Efner.  Plaintiff testified
that, as she walked down an aisle containing various beverages,
she saw two of defendant's employees talking in front of a
cleaning cart and, as she did not see a mop, assumed that the
employees were finished mopping up a spill.  As she walked past
the cart, plaintiff slipped and fell.  Loveland explained that he
was notified of a spill just minutes before plaintiff's fall and
immediately directed Efner to get the cleaning cart, which
included a mop and bucket, while he remained in the area of the
spill per company policy to not leave a spill unattended.  While
awaiting Efner's return, Loveland pulled a display rack in front
of one end of the aisle and he stood at the other end.  Upon
Efner's return, Loveland left the area to dispose of the source
of the spill and to obtain "wet floor" signs while Efner began
mopping.  According to Loveland, when he came back approximately
five minutes later, plaintiff had already fallen.  Loveland
explained that, while there were no wet floor signs at the time
of plaintiff's fall, there was a notice reading "Caution, Wet
Floor" imprinted on two sides of the bucket that Efner was using.
Similarly, Efner testified that approximately five minutes
elapsed from the time when he was told about the spill to

plaintiff's fall. He stated that, after he replaced the display rack and began mopping, plaintiff entered the aisle from behind him, passed him and the cleaning cart, and fell. Although Efner had verbally warned other customers in the vicinity of the spill as he mopped, he did not have the opportunity to warn plaintiff, who, unbeknown to Efner, had entered the aisle from behind him.

Based on the record before us, we agree that defendant demonstrated that its employees had actual notice of the dangerous condition, that they promptly responded to the spill and that the clean-up process was underway at the time of plaintiff's fall (see Scherer v Golub Corp., 101 AD3d at 1287; Williams v Hannaford Bros. Co., 274 AD2d 649, 650 [2000]; see also Randall v Montefiore Med. Ctr., 7 AD3d 464, 464-465 [2004], lv denied 3 NY3d 608 [2004]). Further, while Loveland had not yet returned with additional warning signs before the fall, plaintiff testified to seeing employees with a cleaning cart and that she assumed mopping was complete. Although the facts of this case may be somewhat distinguished from our precedent in Scherer v Golub Corp. (supra), contrary to plaintiffs' contention, we fail to see how an employee actively attending to a spill with a cleaning cart cannot adequately satisfy defendant's duty to warn as a matter of law. Said differently, an employee with a mop and bucket present at the scene of a spill provides at least the same level of warning as a sign placed on the floor so as to satisfy defendant's prima facie burden in this context.

On this record, we find that defendant has satisfied its prima facie obligation, thus requiring plaintiffs to come forward with competent admissible evidence establishing the existence of a genuine triable issue of fact; a shifted burden that plaintiffs have failed to meet. In this regard, we find the issue of whether the cleaning cart was placed in such a manner as to permit plaintiff to read its warning to be insufficient to raise a triable issue of fact with respect to defendant's duty to warn. This seems especially so in light of plaintiff's other observations of a cleanup in progress, as well as the fact that she provided no specific testimony regarding her knowledge, or lack thereof, of the warning imprinted on the mop bucket. Accordingly, we agree that summary judgment was appropriately

-4-                          517796

granted.  Plaintiffs' remaining arguments have been examined and have been found to be without merit.

Peters, P.J., Lahtinen, Garry and Rose, JJ., concur.


ORDERED that the order is affirmed, with costs.




ENTER:

Robert D. Mayberger
Clerk of the Court