State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  October 29, 2015                520492
_____

DORON S. ZUPAN,

                    Respondent,

        v                                    MEMORANDUM AND ORDER

PRICE CHOPPER OPERATING CO.,
    INC.,

                    Appellant.
_____


Calendar Date:   September 16, 2015

Before:  Lahtinen, J.P., Egan Jr., Devine and Clark, JJ.

                        _____


        Carter, Conboy, Case, Blackmore, Maloney & Laird, PC,
Albany (Jonathan E. Hansen of counsel), for appellant.

        Mack & Associates, Albany (Lucas G. Mihuta of counsel), for
respondent.

                        _____


Clark, J.

        Appeal from an order of the Supreme Court (McGrath, J.),
entered June 5, 2014 in Rensselaer County, which denied
defendant's motion for summary judgment dismissing the complaint.

        Plaintiff commenced this action seeking damages for
injuries she allegedly sustained when she slipped and fell on
water as she exited defendant's grocery store.  Following joinder
of issue and discovery, defendant moved for summary judgment
dismissing the complaint.  Supreme Court denied defendant's
motion finding, among other things, that there was a question of
fact as to whether defendant had notice of the allegedly
dangerous condition.  Defendant now appeals and we affirm.

"It is well settled that in cases involving a slip and fall as the result of a slippery or foreign substance on a supermarket floor, the plaintiff must establish that the defendant either created the allegedly dangerous condition or had actual or constructive notice of it" (Collins v Grand Union Co., 201 AD2d 852, 852 [1994] [citations omitted]; accord Davis v Golub Corp., 286 AD2d 821, 821 [2001]; Tkach v Golub Corp., 265 AD2d 632, 633 [1999]; see McMullin v Martin's Food of S. Burlington, Inc., 122 AD3d 1103, 1104 [2014]). In support of its motion, defendant submitted all of the available evidence in the case including, but not limited to, the deposition transcripts of plaintiff and Danielle Mackey, a cashier at the grocery store and plaintiff's cousin, and a statement that Mackey wrote shortly after plaintiff's fall. Defendant asserts, as it did before Supreme Court, that neither Mackey's written statement nor the oral statement that she made to plaintiff at the time of the fall should have been considered, as they both constitute inadmissible hearsay and, as such, violate the well-established standard that evidence must be tendered in admissible form (see CPLR 3212; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).

Initially, "[t]he requirements for admission of a memorandum of a past recollection are generally stated to be that the witness observed the matter recorded, the recollection was fairly fresh when recorded or adopted, the witness can presently testify that the record correctly represented his [or her] knowledge and recollection when made, and the witness lacks sufficient present recollection of the recorded information" (People v Taylor, 80 NY2d 1, 8 [1992]; see Morse v Colombo, 31 AD3d 916, 917 [2006]). Here, Mackey testified that, beyond being upset that her cousin was hurt, she was unable to remember the particulars of the event, but she did recall filling out and signing a document recording her memories at the time. In this document, Mackey averred that she watched plaintiff fall by the Coinstar machine in an area that had been checked by the front-end maintenance crew approximately one hour prior to the incident. In the blank space next to the words "Condition at the time of last check prior to accident:" Mackey wrote, "ice machine is always leaking." Mackey recalled completing this document within days of the incident and explained that the form did not help to refresh her recollection of the events. On this basis,

we agree with Supreme Court's ruling that Mackey's written statement was admissible as a past recollection recorded and, as such, properly considered in the context of defendant's motion for summary judgment (compare Davis v Golub Corp., 286 AD2d at 822; Walker v Golub Corp., 276 AD2d 955, 957 [2000]).

Further, in keeping with the principles that, "[t]o grant summary judgment, it must clearly appear that no material and triable issue of fact is presented" (Glick & Dolleck v Tri-Pac Export Corp., 22 NY2d 439, 441 [1968]) and such motion should be denied if there is any doubt as to the existence of such issues (see Phillips v Kantor & Co., 31 NY2d 307, 311 [1972]), we likewise find no error in Supreme Court's consideration of Mackey's oral statement, notwithstanding its likely inadmissibility at trial. With that said, however, we acknowledge that, although "hearsay evidence that is inadmissible at trial may be sufficient to defeat a motion for summary judgment, there must be some additional competent evidence to support the motion or an excuse for the failure to present proof in admissible form" (Saint James' Episcopal Church v F.O.C.U.S. Found., 47 AD3d 1058, 1059 [2008]; see Towne v Kinglsey, 121 AD3d 1381, 1382-1383 [2014]).

At her deposition, plaintiff testified that, after falling, she noticed water on her hand and asked Mackey where water would be coming from, to which Mackey replied, "The only thing that's over there is the ice machine."[1] According to plaintiff, Mackey also related, among other things, that the "ice machine [was] broken and that she had [previously] asked someone to clean up the water from it." Plaintiff further described how, after Mackey brought her to a bench inside the store and seated her on it, Mackey returned with a front-end supervisor and manager and again stated that the ice machine had been leaking, that she had asked someone to clean it up and was not sure if that person had done so.

---

[1] It is undisputed that there is no ice machine at the front of defendant's store but, rather, a freezer in which bags of ice are available for purchase.

Agreeing with Supreme Court that these statements cannot be admitted pursuant to any exception to the hearsay rule, we also agree that such statements are sufficiently corroborated so as to permit their consideration in the context of the summary judgment motion.  Specifically, the record contains testimony from Sandra O'Neil, the manager of defendant's store at the time, who remembered observing a small amount of water on the floor just after plaintiff's fall and, further, recalled previous occasions when the freezer had leaked and water had accumulated in front of it.  The accident report authored by O'Neil similarly indicates that plaintiff fell on water in front of the Coinstar machine.  Additionally, the record also contains an incident report authored by Jacqueline Currie, the front-end supervisor at defendant's store, that states — albeit somewhat innocuously — "Don't know if she fell in front of ice machine.  There was a wet spot and it was mopped with wet floor sign."  Thus, contrary to defendant's contentions on appeal, Supreme Court did not err in considering the aforementioned statements in this limited context, as there is other admissible proof in the record to establish that there was water on the floor near the Coinstar machine at the time of plaintiff's fall.

In light of the foregoing, we agree that summary judgment dismissing the complaint is not warranted.  Even if defendant met its prima facie burden, viewing the proof in the light most favorable to the nonmovant (see Candelario v Watervliet Hous. Auth., 46 AD3d 1073, 1074 [2007]), we find that plaintiff's submissions raised questions of fact as to whether defendant maintained the premises in a reasonably safe condition and whether it created or had actual or constructive notice of the allegedly dangerous condition (see Knapp v Golub Corp., 72 AD3d 1260, 1262 [2010]).  We reject defendant's contention that summary judgment is appropriate as plaintiff is unable to establish the source of the water on the floor.

Lahtinen, J.P., Egan Jr. and Devine, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court