Garry, J.P.
 

 Appeal from an order of the Supreme Court (Work, J.), entered July 29, 2016 in Ulster County, which granted defendant’s motion for summary judgment dismissing the complaint.
 

 Plaintiff commenced this negligence action seeking damages for injuries sustained when he slipped and fell in defendant’s convenience store in February 2015. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint, which plaintiff opposed. Supreme Court granted defendant’s motion, finding that plaintiff did not raise any triable issue of fact as to whether defendant maintained the premises in a reasonably safe condition or whether defendant had actual or constructive notice of the specific hazardous condition that resulted in plaintiff’s injuries. Plaintiff appeals.
 

 As the party seeking summary judgment, defendant bore the initial burden of demonstrating that it had maintained the property in a reasonably safe condition and that it did not create or have actual or constructive notice of the specific allegedly dangerous condition that resulted in plaintiff’s injury (see McGrath v George Weston Bakeries, Inc., 117 AD3d 1303, 1304 [2014]; Godfrey v Town of Hurley, 68 AD3d 1527, 1527 [2009]). Constructive notice is established where the condition is “visible and apparent and [has] existed for a sufficient period of time prior to the accident to permit [a] defendant [ ] to discover it and take corrective action” (Tate v Golub Props., Inc., 103 AD3d 1080, 1081 [2013] [internal quotation marks and citation omitted]; accord Riozzi v 30 Kingston Realty Corp., 112 AD3d 1033, 1034 [2013]). A defendant may demonstrate a lack of constructive notice by offering “evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell” (Granillo v Toys “R” Us, Inc., 72 AD3d 1024, 1025 [2010] [internal quotation marks and citation omitted]; see Sosa v Golub Corp., 273 AD2d 762, 765 [2000]).
 

 In support of its motion, defendant presented plaintiff’s deposition testimony and that of its employee, as well as its internal incident report and photographs depicting the area of plaintiff’s fall, taken roughly one hour after the occurrence. It is undisputed that there was no precipitation on the day of the incident, but snow had accumulated in defendant’s parking lot. Defendant placed mats at the store’s entrance and in front of the coffee station and registers to absorb water from customers’ shoes. Defendant’s employee testified that at least four “wet floor” signs had been placed throughout the store, including the area of plaintiff’s fall. Plaintiff did not remember these signs, but acknowledged that they may have been present. According to the employee, these safety measures were precautionary, taken in response to the possibility of customers tracking in snow and ice on their shoes, and were used often during inclement weather, and even on “dry” days.
 

 As to notice, defendant’s employee testified that she inspected the store at the beginning of her shift at 10:00 a.m., prior to plaintiff’s arrival, and did not find any accumulation of water that required mopping. Plaintiff testified that he entered the store just before noon and that his own shoes “had to be” wet after walking through snow in the parking lot. After preparing coffee to purchase, plaintiff stepped off a mat located in front of the coffee station, onto tile, and over to a register. Upon being asked to use a different register, he “retracted]” his steps back over the tile, slipped and fell, spilling two cups of coffee onto the floor. Although plaintiff testified that he observed “slush” and dirt in the area where he fell, he stated that he did not observe the area until after he had fallen, stood up, made new coffees, paid and was exiting the store. He stated that, “as far as [he knew],” the coffee was still on the floor where he fell when he exited the store.
 

 The employee had no specific recollection of checking the area where plaintiff fell, but testified that she would have conducted a routine check of the area within 15 minutes prior to plaintiff’s fall. She stated that she did not observe any dangerous condition in the store prior to defendant’s fall and that there had been no complaints received on that day. The internal incident report indicated that the employee observed that the floor was “damp” and “spotty due to shoe bottoms,” but her testimony clarified that the floor was not “wet” and did not require mopping. Upon this record, defendant demonstrated its prima facie entitlement to summary judgment and the burden thus shifted to plaintiff to raise, by admissible proof, a triable issue of material fact (see Seferagic v Hannaford, Bros. Co., 115 AD3d 1230, 1231 [2014]; Fallon v Duffy, 95 AD3d 1416, 1417 [2012]; Tucci v Stewart’s Ice Cream Co., 296 AD2d 650, 651 [2002], lv denied 98 NY2d 615 [2002]).
 

 We find no merit in plaintiff’s contention that defendant’s use of “wet floor” signs raises a question of fact as to actual notice, as nothing in the record disputes the employee’s testimony that the warning signs were used as a precautionary measure and not in response to any complaint (see Seferagic v Hannaford Bros. Co., 115 AD3d at 1231; Snauffer v 1177 Ave. of the Ams. LP, 78 AD3d 583, 583 [2010]). Likewise, defendant’s use of the signs, taken together with the employee’s general awareness of the condition of the floor, fail to demonstrate that defendant knew or should have known of the specific hazardous condition alleged to have caused plaintiff’s injury (see Stewart v Canton-Potsdam Hosp. Found., Inc., 79 AD3d 1406, 1407-1408 [2010]; Lyons v Cold Brook Cr. Realty Corp., 268 AD2d 659, 660 [2000]; Hamilton v Rite Aid Pharms., 234 AD2d 778, 779 [1996]). Plaintiff failed to demonstrate any evidence to dispute the employee’s testimony that she did not observe the specific allegedly dangerous condition and that she had completed a routine check of the area shortly before plaintiffs fall.
 

 Plaintiff similarly fails to raise a triable issue of fact as to whether defendant maintained the premises in a reasonably safe condition. Defendant took the aforementioned precautionary measures and could not “prevent some water and mud [from] being brought into [the store]” given the inclement weather (Hilsman v Sarwil Assoc., L.P., 13 AD3d 692, 694 [2004] [internal quotation marks and citation omitted]; compare Godfrey v Town of Hurley, 68 AD3d at 1528). Viewing the evidence in the light most favorable to plaintiff, as we must (see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]), plaintiff failed to meet his burden and Supreme Court properly granted summary judgment to defendant (see Seferagic v Hannaford Bros. Co., 115 AD3d at 1231; Dominy v Golub Corp., 286 AD2d 810, 810 [2001]; La Duke v Albany Motel Enters., 282 AD2d 974, 975 [2001]; Sosa v Golub Corp., 273 AD2d at 764-765).
 

 Devine, Mulvey, Aarons and Rumsey, JJ., concur.
 

 Ordered that the order is affirmed, with costs.