Faville v County of Albany (2018 NY Slip Op 05380)





Faville v County of Albany


2018 NY Slip Op 05380


Decided on July 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 19, 2018

523724

[*1]REBECCA FAVILLE, Appellant,
v
COUNTY OF ALBANY, Respondent.

Calendar Date: June 6, 2018

Before: Devine, J.P., Clark, Mulvey, Rumsey and Pritzker, JJ.


David A. Longeretta, Utica, for appellant.
Hinman Straub PC, Albany (David T. Luntz of counsel), for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from a judgment of the Supreme Court (Hartman, J.), entered July 13, 2016 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.
Plaintiff commenced this negligence action seeking damages for injuries she sustained in 2002 while using an escalator, which was owned, operated and maintained by defendant, at the then Pepsi Arena, that allegedly sped up, causing her to violently fall backwards. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint, which plaintiff opposed. Supreme Court granted defendant's motion, finding, among other things, that plaintiff did not raise a triable issue of fact as to whether defendant had constructive notice of the specific dangerous condition that resulted in plaintiff's injuries. Plaintiff appeals, and we
affirm.
Defendant, as the moving party, bears "'the initial burden of demonstrating that it had maintained the property in a reasonably safe condition and that it did not create or have actual or constructive notice of the specific allegedly dangerous condition that resulted in plaintiff's injury'" (Firment v Dick's Sporting Goods, Inc., 160 AD3d 1259, 1259-1260 [2018], quoting Beck v Stewart's Shops Corp., 156 AD3d 1040, 1041 [2017]). "Constructive notice is established where the condition is 'visible and apparent and has existed for a sufficient period of time prior to the accident to permit a defendant to discover it and take corrective action'" (Beck v Stewart's Shops Corp., 156 AD3d at 1041 [internal brackets omitted], quoting Tate v Golub Props., Inc., 103 AD3d 1080, 1081 [2013]). "A defendant may demonstrate a lack of [*2]constructive notice by offering evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (Beck v Stewart's Shops Corp., 156 AD3d at 1041 [internal quotation marks and citations omitted]).
In support of its motion, defendant offered the deposition testimony of Douglas McClaine, the director of operations at the arena at the time of the accident. McClaine testified that the escalators were regularly maintained and routine repairs were conducted, and there were no prior complaints about the escalator steps and handrails moving at different speeds. In fact, McClaine's testimony was corroborated by invoices and service orders that plaintiff submitted that demonstrated that the escalators had been regularly maintained and repaired. Therefore, defendant met its initial burden of establishing its entitlement to summary judgment by demonstrating that it maintained the property in a reasonably safe condition and that it did not create or have actual or constructive notice of the alleged dangerous condition (see Beck v Stewart's Shops Corp., 156 AD3d at 1041; McGrath v George Weston Bakeries, Inc., 117 AD3d 1303, 1304 [2014]).
We find no merit to plaintiff's contention that the extensive history of maintenance and repairs raises a question of fact as to whether defendant had notice of the alleged dangerous condition. None of the maintenance and repair records submitted by plaintiff indicate that the escalators had issues with speeding up, which is the condition of which plaintiff complains (see Beck v Stewart's Shops Corp., 156 AD3d at 1042-1043; Stewart v Canton-Potsdam Hosp. Found., Inc., 79 AD3d 1406, 1407-1408 [2010]). As aptly stated by Supreme Court, these submissions established, at best, a "general awareness" by defendant of certain problems with the escalators, but such information is insufficient as a matter of law to raise a triable issue of fact regarding actual or constructive notice (see Mack v New York Yankees Partnership, 69 AD3d 542, 542 [2010]). We find plaintiff's claim that she raised a triable issue of fact through the doctrine of res ipsa loquitur similarly unavailing. Inasmuch as plaintiff failed to present proof that defendant was in exclusive control of the escalator (see generally Morejon v Rais Constr. Co., 7 NY3d 203, 209 [2006]; Brumberg v Cipriani USA, Inc., 110 AD3d 1198, 1200 [2013]) or that the accident was the kind that does not ordinarily occur in the absence of negligence (see generally Di Santo v County of Westchester, 210 AD2d 628, 629 [1994]), Supreme Court properly determined that res ipsa loquitur is inapplicable.
Devine, J.P., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.