Van Duser v Mount St. Mary Coll. (2019 NY Slip Op 07824)





Van Duser v Mount St. Mary Coll.


2019 NY Slip Op 07824


Decided on October 31, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 31, 2019

527964

[*1]Whitney Van Duser, Appellant,
v
Mount Saint Mary College, Respondent, et al., Defendant.

Calendar Date: September 10, 2019

Before: Garry, P.J., Clark, Mulvey, Devine and Pritzker, JJ.


Goldstein & Goldstein, LLP, Poughkeepsie (Lindsey M. Goldstein of counsel), for appellant.
Thomas, Drohan, Waxman, Petigrow & Mayle, LLP, Hopewell Junction (Steven L. Banks of counsel), for respondent.



Garry, P.J.
Appeal from an order of the Supreme Court (Fisher, J.), entered January 30, 2018 in Ulster County which, among other things, granted a motion by defendant Mount Saint Mary College for summary judgment dismissing the complaint against it.
Plaintiff commenced this action seeking damages for injuries sustained when she fell on a temporary flooring walkway inside a tent that had been erected upon the property of defendant Mount Saint Mary College (hereinafter defendant) for graduation ceremonies. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint against it, which plaintiff opposed. Supreme Court granted defendant's motion, finding that plaintiff had failed to raise a triable issue of fact as to whether the flooring presented a dangerous or defective condition or whether defendant had actual or constructive notice of the alleged dangerous condition.
As the moving party, "'defendant bore the initial burden of demonstrating that it had maintained the property in a reasonably safe condition and that it did not create or have actual or constructive notice of the specific alleged[] dangerous condition that resulted in plaintiff's injury'" (Firment v Dick's Sporting Goods, Inc., 160 AD3d 1259, 1259-1260 [2018], quoting Beck v Stewart's Shops Corp., 156 AD3d 1040, 1041 [2017]). "Constructive notice is established where the condition is visible and apparent and has existed for a sufficient period of time prior to the accident to permit a defendant to discover it and take corrective action" (Beck v Stewart's Shops Corp., 156 AD3d at 1041 [internal quotation marks, brackets and citation omitted]).
In support of its motion, defendant presented plaintiff's deposition testimony, as well as that of defendant's executive director of operations and security and safety (hereinafter the security director), and the president and owner of the company that rented the tent and flooring to defendant. Plaintiff testified that it had been "drizzling" before and at the time of her arrival for the graduation, but that she did not notice anything unusual about the walkway when entering the tent. Plaintiff stated that, when she later got up from her seat to use the restroom, she was not looking at the walkway, and she fell to the ground, landing on her hand, which made contact with the grass. She also stated that, after falling forward, she sat back on the walkway and noticed that the back of her pants and hand were wet.
The security director testified that he did not observe that the flooring was wet at the time of his walk-through before the ceremony, and he received no complaints prior to or during the ceremony about the flooring being wet or slippery. The tent company owner testified that the flooring was made of slip-resistant PVC material that was perforated to allow water to travel through the flooring, rather than pooling on top. He also testified that he made sure the flooring of the tent was safe by walking through with the security director and that the type of flooring used did not require additional precautions in inclement weather. Accordingly, defendant demonstrated its prima facie entitlement to summary judgment, thus shifting the burden to plaintiff to present admissible evidence to raise a triable issue of material fact (see Beck v Stewart's Shops Corp., 156 AD3d at 1042).
We reject plaintiff's contention that defendant failed to properly inspect the premises, or that its use of rubber mats on some portions of the flooring demonstrates that it failed to maintain its premises in a reasonably safe condition. Although defendant placed rubber mats on the flooring near the stage toward the front of the tent, the security director explained that those mats were intended to assist the graduates in approaching, crossing and leaving the stage, which was elevated and located on an incline. Plaintiff further notes that defendant chose to use two tent walls and to leave the other sides open, but she did not demonstrate that any water allegedly present on the walkway originated from those open sides, rather than having been tracked in. Nor did plaintiff establish that the subsequent placement by defendant's staff of a mat in the area of her fall constituted notice of a dangerous condition. Property owners are not "'required to cover all of [their] floors with mats, nor to continuously mop up all moisture resulting from tracked-in rain'" (Hilsman v Sarwil Assoc., L.P., 13 AD3d 692, 694 n [2004], quoting Negron v St. Patrick's Nursing Home, 248 AD2d 687, 687 [1998]). Further, even assuming that water was present on the temporary flooring at issue, "the mere fact that a floor or walkway becomes slippery when wet does not establish a dangerous condition" (Todt v Schroon Riv. Campsite, 281 AD2d 782, 783 [2001]; see Decker v Schildt, 100 AD3d 1339, 1341 [2012]; Jackson v State of New York, 51 AD3d 1251, 1253 [2008]). Viewing the evidence in the light most favorable to plaintiff (see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]), we find that she failed to meet her burden to raise a triable issue of material fact, and, thus, Supreme Court properly granted summary judgment to defendant (see Beck v Stewart's Shops Corp., 156 AD3d at 1043).
Clark, Mulvey, Devine and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.