■ Joseph Harting, Appellant, v Community Reformed Church of Colonie, Respondent. [603 NYS2d 637] —Mercure, J. Appeal from an order of the Supreme Court (Spain, J.), entered August 18, 1992 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff, a player on a softball team sponsored by defendant in a church league, suffered the injuries forming the basis for this action when a weighted warm-up "doughnut" slipped off a teammate's bat and struck plaintiff on the head. Supreme Court granted summary judgment in favor of defendant on the ground that the uncontroverted proof established defendant's freedom from negligence in that it did not supervise or control the softball team and did not supply, purchase, store or make available the equipment involved in the accident, the "doughnut". Plaintiff appeals.

We reverse. Defendant's pastor, Bruce Cornwell, testified that the softball team was a sponsored program falling under

defendant's lay ministries committee and that defendant made funds available to the team for the purchase of necessary equipment and published game results in the church bulletin. Philip Walrath testified that, as team manager, he was put in charge of selecting and purchasing equipment, either with funds supplied by defendant or collected from team members, and that defendant sometimes paid the team's annual fee for participating in the church league. Notably, defendant satisfied an insurance requirement of the municipal owner of the team's "home" park by furnishing a certificate showing that it had in effect a policy of liability insurance covering the team. In our view, the foregoing evidence raises a legitimate factual issue as to whether Walrath had actual or apparent authority to act on defendant's behalf *(see, Garcia v Herald Tribune Fresh Air Fund,* 51 AD2d 897; *see also, Fogel v Hertz Intl.,* 141 AD2d 375; *Edwards v North Am. Van Lines,* 129 AD2d 869).

As a final matter, we also agree with plaintiff that a factual question exists as to whether plaintiff assumed the risk that a worn batting "doughnut" would fly off the bat of an on-deck batter and strike him. Generally, a sports participant does not assume the risk of faulty equipment unless he or she knows of the defective condition and uses the equipment anyway *(see,* 6B Warren, Negligence in the New York Courts, Sports Participants, § 4, at 822 [3d ed]).

Weiss, P. J., Mikoll and Mahoney, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.