■ ANTONIA CAMPANELLA et al., Appellants, v 1955 CORPORATION, Respondent. [751 NYS2d 588] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Steinhardt, J.), dated January 2, 2002, which granted the defendant's motion pursuant to CPLR 4404 (a) to set aside a jury verdict on the issue of liability in their favor as a matter of law and to dismiss the complaint.

Ordered that the order is affirmed, with costs.

This action arises out of a slip and fall in a fast-food restaurant owned by the defendant. Following a jury verdict in favor of the plaintiffs on the issue of liability and a mistrial on damages, but before a new jury could be empaneled to hear the damages portion of the case, the defendant moved pursuant to CPLR 4404 (a) to set aside the verdict on the issue of liability as a matter of law. The motion already had been made orally to the Supreme Court at an earlier point in the proceedings, at which time the court reserved decision and requested submissions. The Supreme Court granted the defendant's motion, set aside the verdict, and dismissed the complaint, finding that the record contained no evidence that the defendant created the condition, and insufficient evidence on which a jury could find that the defendant knew or should have known of a dangerous condition and failed to remedy it.

It is well settled that before a court can conclude that a jury verdict is not supported by sufficient evidence, it must first find that there is "simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented" (*Cohen v Hallmark Cards,* 45 NY2d 493, 499). To establish a prima facie case in an action to recover damages for personal injuries caused by a slip and fall, the plaintiff must prove that the defendant either created the condition which caused the accident, or that it had actual or constructive notice of the hazardous condition and a reasonable time within which to correct it (*see e.g. Goldman v Waldbaum, Inc.,* 297 AD2d 277; *Maguire v Southland Corp.,* 245 AD2d 347). Here, the plaintiffs did not contend that the defendant created the condition or had actual notice of it, but relied on constructive notice to prove their case. To establish constructive notice, a plaintiff must demonstrate that the dangerous condition was visible

and apparent and existed for a sufficient length of time before the accident to permit the defendant to discover and remedy it (*see e.g. Dember v Winthrop Univ. Hosp.,* 272 AD2d 431).

Accepting all the evidence offered by the plaintiffs as true for the purposes of this motion, and according them the benefit of the most favorable inferences that can be drawn therefrom (*see Alexander v Eldred,* 63 NY2d 460, 464), the Supreme Court properly concluded that any finding that the condition was present for a sufficient period of time before the injured plaintiff's fall to enable the defendant to remedy it would call for speculation (*see e.g. Gordon v American Museum of Natural History,* 67 NY2d 836, 837; *Kraemer v K-Mart Corp.,* 226 AD2d 590). The Supreme Court therefore properly granted the defendant's motion to set aside the jury verdict on the issue of liability as a matter of law and to dismiss the complaint. Altman, J.P., Smith, H. Miller and Mastro, JJ., concur.