■ ROBERT E. SNAUFFER, Appellant, v 1177 AVENUE OF THE AMERICAS LP et al., Respondents. [913 NYS2d 26]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered October 21, 2009, which, in this action for personal injuries allegedly sustained when plaintiff slipped and fell on a wet floor in the lobby of defendants' building, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence that they neither created nor had notice of the alleged wet condition that caused plaintiff to slip (*see e.g. Garcia v Delgado Travel Agency*, 4 AD3d 204 [2004]). In opposition, plaintiff failed to raise a triable issue of fact. Although it was raining at the time of plaintiff's fall and defendants had placed mats in front of other entrances of the building and wet floor warning signs on the lobby floor, this does not require a finding that defendants had actual notice of the allegedly dangerous condition. Defendants demonstrated that the warning signs were put out as a safety precaution and not in response to complaints regarding the condition of the floor where plaintiff fell (*cf. Hilsman v Sarwil Assoc., L.P.*, 13 AD3d 692, 695 [2004]).

Furthermore, the affidavit of plaintiff's coworker failed to raise a triable issue of fact as to whether defendants had actual notice of the alleged defect because the affiant did not state that any of her observations were made on the date of plaintiff's accident. Nor is the affidavit of plaintiff's expert probative of the condition of the accident location because it is unclear when the expert inspected the location and thus, there is no evidence that the conditions he observed were the same as those that existed at the time plaintiff fell (*see Garcia v The Jesuits of Fordham*, 6 AD3d 163, 166 [2004]). Concur—Gonzalez, P.J., Mazzarelli, Nardelli, Renwick and DeGrasse, JJ.