■ Weston L. Shapiro, Respondent, v City of Amsterdam et al., Appellants. [946 NYS2d 700]—

Lahtinen, J. Appeal from an order of the Supreme Court (J.

Sise, J.), entered September 14, 2011 in Montgomery County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff was injured when his tee shot ricocheted off a masonry-block retaining wall allegedly protruding above grade level at the front of the tee box on the 10th hole at defendant Amsterdam Municipal Golf Course, which is owned by defendant City of Amsterdam. The golf ball struck plaintiff in the head, and he commenced this action seeking damages for the injuries he sustained. Defendants moved for summary judgment dismissing the complaint. Supreme Court denied the motion and defendants appeal.

"[B]y engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]; *see Anand v Kapoor*, 15 NY3d 946, 947-948 [2010]). Risks typically assumed by golfers include being struck by an errant ball (*see Anand v Kapoor*, 15 NY3d at 948; *Delaney v MGI Land Dev., LLC*, 72 AD3d 1254, 1255 [2010]). "Participants will not, however, be deemed to have assumed risks that result from a defendant 'creat[ing] a dangerous condition over and above the usual dangers that are inherent in the sport' " (*Finn v Barbone*, 83 AD3d 1365, 1365 [2011], quoting *Owen v R.J.S. Safety Equip.*, 79 NY2d 967, 970 [1992]; *see Morgan v State of New York*, 90 NY2d at 485).

While conflicting proof was presented, we view the evidence in the light most favorable to the nonmovant (*see Gronski v County of Monroe*, 18 NY3d 374, 381 [2011]). James Derrick, the supervisor of golf course maintenance, testified that the year before this accident, concrete masonry blocks were installed to replace the rotting timber retaining wall at the 10th tee box. The top of the masonry blocks were supposed to be below the grade level of the tee box. Derrick acknowledged that it would be a hazard to people teeing off if the masonry blocks at the front of the tee box were higher than the tee box area. There was proof, however, indicating that the masonry blocks were one to three inches above grade level. Derrick further acknowledged that the grass next to the wall was not cut as low as the rest of the tee box, and there was evidence indicating that the taller grass obscured the protruding front edge of the wall. In these circumstances, the tee box on the 10th hole was not as safe as it appeared to be (*see Cotty v Town of Southampton*, 64 AD3d 251, 254 [2009]; *cf. Martin v State of New York*, 64 AD3d 62, 64-65 [2009], *lv denied* 13 NY3d 706 [2009]), i.e., the risk

was not open and obvious (*cf. Milligan v Sharman*, 52 AD3d 1238, 1239 [2008]). Although plaintiff was an experienced golfer who was a member at the course and had played 25 to 30 times that summer, he testified that he had not noticed the elevated condition of the wall prior to this incident. In light of the evidence that the concrete wall was above grade and obscured in an area where it was an acknowledged hazard to individuals teeing off, we agree with Supreme Court that there are triable issues of fact.

Peters, P.J., Mercure, Rose and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.