Lahtinen, J.P.
Appeal from an order of the Supreme Court (Chauvin, J.), entered December 19, 2012 in Saratoga County, which denied defendant’s motion for summary judgment dismissing the complaint.
In October 2008, plaintiff was playing golf at defendant’s course and using a golf cart rented from defendant. On a steep and winding section of the paved golf cart path that allegedly was covered with wet leaves, the cart skidded and flipped over, resulting in plaintiff being injured. Plaintiff commenced this action and, following discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion and defendant appeals.
A person who chooses to participate in an athletic or recreational activity “ ‘consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation’ ” (Custodi v Town of Amherst, 20 NY3d 83, 88 [2012], quoting Morgan v State of New York, 90 NY2d 471, 484 [1997]). “[G]olfers are deemed to assume the risks of open topographical features of a golf course” (Brust v Town of Caroga, 287 AD2d 923, 925 [2001]; see Bockelmann v New Paltz Golf Course, 284 AD2d 783, 784 [2001], lv denied 97 NY2d 602 [2001]) and they are “held to a common appreciation of the fact that there is a risk of injury from improperly used carts” (Brust v Town of Caroga, 287 AD2d at 925). Nevertheless, liability may be found where the participant proves “a dangerous condition over and above the usual dangers that are inherent in the sport” (Shapiro v City of Amsterdam, 96 AD3d 1211, 1212 [2012] [internal quotation marks and citations omitted]; see Layden v Plante, 101 AD3d 1540, 1541 [2012]).
Although plaintiff was an experienced golfer, he had not previously played on this particular course. He claimed that he was *1194 driving slowly and cautiously when the car simply slid out of control on wet leaves. Defendant acknowledged that the golf course path where the accident occurred was steep and winding. While defendant disputes the amount of wet leaves that plaintiff contends were on the path, it is uncontested that there were leaves present and that defendant’s employees had inspected the area earlier in the day. Significantly, plaintiff produced proof via the testimony of the person with whom he was golfing that, after the accident, he observed that the tires on the golf cart were “bald.” Defendant adamantly contests that contention, but in this procedural context we view the evidence most favorably to the nonmovant. A golf cart with bald tires rented to someone unfamiliar with the course on a day when wet leaves covered a steep and winding section of the cart path could create a situation where the occupants of the cart were exposed to a hazard beyond the normal dangers associated with golfing in such conditions (see generally Warren’s Negligence in New York Courts § 80.08 [6]). Accordingly, we agree with Supreme Court that there are triable issues of fact. The remaining arguments have been considered and are unpersuasive.
Stein, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, with costs.