Rose, J.
Appeals (1) from an order of the Supreme Court (Sherman, J.), entered February 1, 2013 in Broome County, which granted certain defendants’ motions for, among other things, summary judgment dismissing the complaint against them, and (2) from the judgment entered thereon.
Plaintiff is an experienced soccer player who was injured while playing in a recreational soccer league game held inside a dome owned by defendant Kashou Enterprises, Inc. and operated by defendant Family Sports Complex, Inc. The dome, which was sold to Kashou Enterprises by defendant Yeadon Fabric Structures, Ltd., contains more than one soccer field and its inflated fabric walls are anchored to a concrete footer that rises 10 inches above ground level. When plaintiff lunged for a ball and slid into the raised footer, which was located approximately 55 inches from the goal line and concealed by the inner vinyl liner of the dome, he shattered his kneecap. He commenced this action asserting claims for negligence, strict products liability under defective design and failure to warn theories, and breach of warranty. After joinder of issue and discovery, Supreme Court granted motions for summary judgment by Kashou Enterprises, Family Sports Complex and Yeadon Fabric Structures (hereinafter collectively referred to as defendants) and dismissed the complaint against them, finding, among other things, that plaintiff assumed the risk of injury. Plaintiff appeals.
We agree with plaintiff that issues of fact exist with respect to whether he assumed the risk of injury. Under the assumption of the risk doctrine, voluntary participants in recreational or athletic activities are deemed to consent to “ ‘those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation’ ” (Myers v Friends of Shenendehowa Crew, Inc., 31 AD3d 853, 854 [2006], quoting Morgan v State of New York, 90 NY2d 471, 484 [1997]; accord Rose v Tee-Bird Golf Club, Inc., 116 AD3d 1193, 1193 [2014]). Participants do not, however, “assume ‘concealed or unreasonably increased risks’ or ‘unique and . . . dangerous condition[s] over and above the usual dangers that are inherent in the sport’ ” (Martin v State of New York, 64 *1179 AD3d 62, 64 [2009], lv denied 13 NY3d 706 [2009], quoting Morgan v State of New York, 90 NY2d at 485). The application of the doctrine is generally a question of fact (see Layden v Plante, 101 AD3d 1540, 1541 [2012]; McGrath v Shenendehowa Cent. School Dist., 76 AD3d 755, 757 [2010]).
While the risk of crashing into the wall while playing indoor soccer is inherent in the activity, and the proximity of the wall of the dome to the goal line was open and obvious, a blue vinyl liner hung to the ground along the wall of the dome behind the goal line concealing the presence of the raised concrete footer. Defendants claim that plaintiff should have been aware of the footer because it was exposed in certain areas of the dome where it supported the facility’s lighting. Defendants also argue that plaintiff noticed that the wall did not have much give to it when struck by soccer balls. Plaintiff testified, however, that he had never seen the concrete footer, did not know it was underneath the liner and believed that the walls of the inflated fabric dome had some cushioning effect. Viewing this evidence in a light most favorable to plaintiff, as the nonmovant, we find triable issues of fact as to whether the assumption of the risk doctrine applies (see Shapiro v City of Amsterdam, 96 AD3d 1211, 1212-1213 [2012]; McGrath v Shenendehowa Cent. School Dist., 76 AD3d at 758; Tuttle v TRC Enters., Inc., 38 AD3d 992, 993-994 [2007]; compare Brown v City of New York, 69 AD3d 893, 893-894 [2010]; Ribaudo v La Salle Inst., 45 AD3d 556, 557 [2007], lv denied 10 NY3d 717 [2008] [where the obstacles were not concealed]). Nevertheless, the motion dismissing the negligence cause of action against Yeadon Fabric Structures was properly granted, as there is no dispute that it had no role in the layout of the field on which plaintiff was injured and, given the large size of the facility, a different layout could have avoided the proximity of the field to the footer.
Plaintiff also contends that issues of fact exist with respect to his claims for strict products liability and breach of warranty. We note initially, however, that Family Sports Complex and Kashou Enterprises cannot be held liable under these theories because they are outside the manufacture, sale and distribution chain (see Mussara v Mega Funworks, Inc., 100 AD3d 185, 191 [2012]; Joseph v Yenkin Majestic Paint Corp., 261 AD2d 512, 512 [1999]; Serna v New York State Urban Dev. Corp., 185 AD2d 562, 563 [1992]). Further, the affidavit of plaintiffs expert in opposition to the motion was insufficient to raise a triable issue of fact as to whether Yeadon Fabric Structures could be held liable under plaintiff’s strict products liability theories. The expert opined that the facility was defectively designed because *1180 there was not enough distance between the goal line and the concrete footer. He did not, however, establish that the guidelines he cites, for high school and collegiate soccer games, are applicable to recreational indoor soccer. Moreover, as noted, there is no basis to hold Yeadon Fabric Structures liable for the design of the layout of the field that placed the goal line in proximity to the footer. The expert’s remaining contentions, that the structure itself was defectively designed and inadequate for its purposes, are conclusory and unsupported by any analysis, explanation or citation to a relevant industry standard. Accordingly, plaintiffs expert affidavit was insufficient to raise any issues of fact on the strict products liability and breach of warranty causes of action (see Stalker v Goodyear Tire & Rubber Co., 60 AD3d 1173, 1175 [2009]; Preston v Peter Luger Enters., Inc., 51 AD3d 1322, 1324 [2008]; Pigliavento v Tyler Equip. Corp., 248 AD2d 840, 842 [1998], lv dismissed and denied 92 NY2d 868 [1998]).
Peters, P.J., Lahtinen, Garry and Lynch, JJ., concur.
Ordered that the order and judgment are modified, on the law, without costs, by reversing so much thereof as granted the motion of defendants Family Sports Complex, Inc. and Kashou Enterprises, Inc. for summary judgment dismissing the negligence cause of action against them; said motion denied to that extent; and, as so modified, affirmed.