■ HILDA VALVERDE, Respondent, v GREAT EXPECTATIONS, LLC, et al., Appellants, and ANDREW JIMENEZ, Respondent, et al., Defendants. (And a Third-Party Action.) [7 NYS3d 71]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered March 21, 2014, which denied defendants Great Expectations, LLC and American Golf Corporation's (defendants) motion for summary judgment dismissing the complaint, affirmed, without costs.

Defendants failed to make a prima facie showing that they neither created nor had actual or constructive notice of the alleged defective golf course path (*see Tomaino v 209 E. 84th St. Corp.*, 72 AD3d 460, 460-461 [1st Dept 2010]). In particular, defendants failed to submit evidence that they regularly inspected the accident location, that they received no complaints prior to the incident regarding the complained-of conditions, and that they had no similar accidents at the subject location. Third-party defendant's employee's testimony that he was not aware of any complaints from anyone about the condition of the golf course or its carts does not establish that defendants lacked notice, because he was not defendants' employee at the time of the accident. Moreover, defendants' employee never testified regarding whether defendants had received complaints about the accident location or as to when the accident location was last inspected. Defendants' expert's opinions regarding the condition of the path lack probative value, because he never stated when he inspected the accident location or that the property has remained in the same condition since the accident (*see Snauffer v 1177 Ave. of the Ams. LP*, 78 AD3d 583 [1st Dept 2010]; *Figueroa v Haven Plaza Hous. Dev. Fund Co.*, 247 AD2d 210, 210 [1st Dept 1998]). Defendants' failure to make a prima facie showing of their entitlement to judgment as a matter of law requires denial of their motion, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853

[1985]). Concur—Mazzarelli, J.P., Sweeny, Moskowitz and Manzanet-Daniels, JJ.

DeGrasse, J., dissents in a memorandum as follows: Plaintiff was injured when she was thrown from her seat on a golf cart that was being operated by defendant Andrew Jimenez. The accident occurred near the parking lot of a golf course that was owned by defendant Great Expectations, LLC and managed by defendant American Golf Corporation. This appeal is from an order denying a motion for summary judgment that was made by Great Expectations and American Golf. Moving defendants made a prima facie showing of entitlement to judgment as a matter of law. Such evidence included depositions given by plaintiff and Jimenez. When questioned about the cause of the accident, plaintiff testified that Jimenez "was going down a hill so he was going pretty fast and he was going full speed on the golf cart and there was a sharp turn right before getting on to the driveway, so he hit that sharp turn really hard, full speed." Plaintiff estimated Jimenez's speed to be between 20 and 30 miles per hour and stated that she had warned him to slow down. In describing Jimenez's speed, plaintiff testified that he was "going way too fast" and that "his foot was on the floor." Jimenez testified that during the 30 minutes preceding the accident, he drove the cart over the accident site twice without incident. This testimony establishes that the accident was caused by Jimenez's operation of the golf cart and not by any act or omission on the part of moving defendants. The affidavit of plaintiff's architectural expert was insufficient to raise an issue of fact insofar as he opines that warnings should have been posted because the cart path was on what he described as a dangerous steep slope. To the contrary, plaintiff described the hill as "a small slope" that was "not even that steep." Plaintiff's description is confirmed by what is depicted in photographs she identified at her deposition. Nonetheless, the steepness of the hill provides no basis for liability because, as shown by the photographs, it is an open topographical feature of the golf course (cf. *Rose v Tee-Bird Golf Club, Inc.*, 116 AD3d 1193 [3d Dept 2014]; see also *Bockelmann v New Paltz Golf Course*, 284 AD2d 783, 784 [3d Dept 2001], *lv denied* 97 NY2d 602 [2001]). Moreover, "a landowner has no duty to warn of an open and obvious danger" (*Tagle v Jakob*, 97 NY2d 165, 169 [2001]).