■ BRIGITTA JOACHIM, Respondent, v AMC MULTI-CINEMA, INC., et al., Appellants. [11 NYS3d 119]—

Order, Supreme Court, New York County (Paul Wooten, J.),

entered July 8, 2014, which, inter alia, denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff seeks to recover for injuries sustained when she allegedly tripped and fell in one of the auditoriums in defendants' movie theater. Contrary to defendants' contention, plaintiff sufficiently identified the cause of her accident. She testified that as she exited the row, her foot became caught on a misleveled metal light strip running between the concrete floor and the carpeted staircase. The parties' conflicting deposition testimony as to whether the strip was metal or rubber, and whether it contained lighting, are issues of fact for a jury. Although plaintiff could not recall exactly where in the auditorium she fell, her companion identified the specific row where the accident occurred.

Defendants failed to meet their prima facie burden of showing that they lacked constructive notice. The facilities manager of the theater testified that near the time of the incident, he would walk through the theater auditoriums "about once a week" "usually on a Monday" to check for damages, but kept no written log of these inspections. This vague testimony is insufficient to show the absence of constructive notice because it fails to establish "specifically that the dangerous condition did not exist when the area was last inspected . . . before plaintiff fell" (*Ross v Betty G. Reader Revocable Trust*, 86 AD3d 419, 421 [1st Dept 2011]).

It also cannot be stated at this juncture whether the auditorium was adequately lit, much less whether inadequate lighting was a proximate cause of plaintiff's fall (*see Dickert v City of New York*, 268 AD2d 343 [1st Dept 2000]). Although the facilities manager averred in his affidavit that annexed photographs reflected the lighting conditions in the auditorium on the date of plaintiff's accident, at his deposition, one year earlier, he testified that he was not present at the theater at the time of the accident and had no independent recollection of the accident. Concur—Friedman, J.P., Acosta, Moskowitz, Richter and Kapnick, JJ.