■ TIMOTHY M. CLARKIN, Respondent, v IN LINE RESTAURANT CORP., Doing Business as SHUCKER'S LOBSTER AND CLAM BAR, et al., Appellants. [52 NYS3d 304]—

Order, Supreme Court, New York County (Geoffrey D.S. Wright, J.), entered May 18, 2016, which, to the extent appealed from, denied defendant-appellant In Line Restaurant Corp., d/b/a Shucker's Lobster And Clam Bar's (In Line) motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff alleges he was injured while patronizing Shucker's Lobster and Clam Bar, a restaurant owned by defendant In Line and located in Hampton Bays, New York, when he stepped in a hole in the grass on the restaurant's front lawn while playing a frisbee game called Jam Can. Defendant Scott W. Spanburgh was a shareholder and chief principal officer of In Line and was the restaurant's manager when the accident occurred. It is undisputed that the restaurant provided the frisbee game to its patrons.

The court properly denied In Line's motion for summary judgment. Defendants failed to establish that In Line did not create the hole in its front lawn by submitting Spanburgh's

deposition testimony and affidavit, because Spanburgh did not state that the lawn was inspected after it was last maintained by the outside company In Line had hired to mow the grass. They also failed to satisfy their initial burden to show that In Line lacked actual notice of the hole in its lawn, because they submitted no evidence that its employees and the outside company had received no complaints about the defect prior to the incident and that there were no similar accidents at the subject location (*see Valverde v Great Expectations, LLC*, 126 AD3d 633, 633 [1st Dept 2015]). The fact that Spanburgh testified and averred that he did not receive any complaints about the condition of the lawn does not establish that In Line lacked actual notice, because he did not state that he was working when the accident happened.

Defendants also failed to satisfy their initial burden to show that In Line lacked constructive notice of the hole in its lawn, because Spanburgh's testimony and averment that he would inspect the entire premises every time the restaurant was open is insufficient to establish when the lawn was last checked before the accident (*see Joachim v AMC Multi-Cinema, Inc.*, 129 AD3d 433, 434 [1st Dept 2015]; *Baptiste v 1626 Meat Corp.*, 45 AD3d 259 [1st Dept 2007]). Since defendants failed to meet their initial burden to establish that In Line did not create the defect and lacked notice that it was there as a matter of law, the burden never shifted to plaintiff to establish how long the condition existed (*see Sabalza v Salgado*, 85 AD3d 436, 438 [1st Dept 2011]).

Lastly, we find that plaintiff did not assume the risk of injury by playing the frisbee game, because it is undisputed that the hole was not perfectly obvious (*see Ellis v City of New York*, 281 AD2d 177 [1st Dept 2001]; *Radwaner v USTA Natl. Tennis Ctr.*, 189 AD2d 605, 605 [1st Dept 1993]). Concur—Acosta, J.P., Renwick, Manzanet-Daniels, Webber and Gesmer, JJ.