Savio v St. Raymond Cemetery (2018 NY Slip Op 02906)





Savio v St. Raymond Cemetery


2018 NY Slip Op 02906


Decided on April 26, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2018

Mazzarelli, J.P., Kapnick, Kahn, Kern, Singh, JJ.


6399 309193/11

[*1]Deborah Savio, Plaintiff-Respondent,
v
St. Raymond Cemetery, et al., Defendants-Appellants,


Leahey & Johnson, P.C., New York (Joanne Filiberti of counsel), for appellants.
Alexander J. Wulwick, New York, for respondent.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about October 2, 2017, which, to the extent appealed from, denied the motion of defendant St. Raymond Cemetery for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Defendant did not establish its entitlement to judgment as a matter of law in this action where plaintiff allegedly injured her ankle when she stepped in a hole on defendant's grounds. The fact that defendant's director testified that he did not receive any complaints about the condition of the grounds prior to the accident does not establish that defendant lacked actual notice of the hole, because the director did not state that he was working on the day of the accident (see Clarkin v In Line Rest. Corp., 148 AD3d 559, 560 [1st Dept 2017]).
Defendant also failed to demonstrate that it lacked constructive notice of the hole. Its director's testimony that he would inspect the premises when his duties permitted does not establish when the subject location was last checked before the accident (see id.; Baptiste v 1626 Meat Corp., 45 AD3d 259 [1st Dept 2007]).
Since defendant failed to meet its initial burden to demonstrate that it lacked actual or constructive notice as a matter of law, the burden never shifted to plaintiff to establish how long the condition existed (see Sabalza v Salgado, 85 AD3d 436, 438 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 26, 2018
CLERK