Houle v Seventwoten, LLC (2019 NY Slip Op 03228)





Houle v Seventwoten, LLC


2019 NY Slip Op 03228


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


1248 CA 18-00897

[*1]NICHOLAS J. HOULE, PLAINTIFF-RESPONDENT,
v
SEVENTWOTEN, LLC, DOING BUSINESS AS HELL BARBELL, DEFENDANT-APPELLANT.
SEVENTWOTEN, LLC, DOING BUSINESS AS HELL BARBELL, THIRD-PARTY PLAINTIFF-APPELLANT-RESPONDENT,
v
G.S. 2 HEALTH & FITNESS MGT., INC., DOING BUSINESS AS GEORGE'S GYM EQUIPMENT, AND GEORGE'S GYM EQUIPMENT, LLC, THIRD-PARTY DEFENDANTS-RESPONDENTS-APPELLANTS. 






SANTACROSE & FRARY, ALBANY (DUSTIN C. SANTACROSE OF COUNSEL), FOR DEFENDANT-APPELLANT AND THIRD-PARTY PLAINTIFF-APPELLANT-RESPONDENT. 
KNYCH & WHRITENOUR, LLC, SYRACUSE (MATTHEW E. WHRITENOUR OF COUNSEL), FOR THIRD-PARTY DEFENDANTS-RESPONDENTS-APPELLANTS. 
LAW OFFICE OF WILLIAM M. BORRILL, NEW HARTFORD (JOSEPH V. MCBRIDE OF COUNSEL), FOR PLAINTIFF-RESPONDENT.


 Appeals from an order of the Supreme Court, Oneida County (Norman I. Siegel, J.), entered August 2, 2017. The order denied the motion of defendant-third-party plaintiff for summary judgment and denied the motion of third-party defendants for summary judgment and for sanctions for spoliation of evidence. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion of defendant-third-party plaintiff in part and dismissing the cause of action for breach of implied warranty, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action against defendant-third-party plaintiff (Hell Barbell) to recover damages for injuries he allegedly sustained while he was using a leg press machine at a gym operated by Hell Barbell. There is no dispute that, prior to the incident, the leg press machine had been positioned on casters and plaintiff had modified it by adding a bar and additional weight. According to plaintiff, he was injured when the machine shifted while he was performing a leg press. After the incident, plaintiff noticed that one of the casters had broken off the machine.
After being sued by plaintiff, Hell Barbell commenced a third-party action against third-party defendants (GGE defendants), seeking contribution or indemnification based on the allegation that they had supplied and installed the casters on the leg press machine prior to the accident and had advised Hell Barbell that the casters could remain on the leg press machine during its use. Hell Barbell and the GGE defendants moved for summary judgment dismissing [*2]the amended complaint, and the GGE defendants also moved for summary judgment dismissing the third-party complaint and for dismissal of that complaint as a sanction for Hell Barbell's purported spoliation of evidence. Supreme Court denied the motions, and both Hell Barbell and the GGE defendants appeal.
Hell Barbell and the GGE defendants each contend that they established their entitlement to judgment as a matter of law dismissing the amended complaint on the ground that plaintiff assumed the risk of using the leg press machine. We reject those contentions. "The assumption of [the] risk doctrine applies as a bar to liability where a consenting participant in sporting or recreational activities is aware of the risks; has an appreciation of the nature of the risks; and voluntarily assumes the risks" (Ulin v Hobart & William Smith Colls., 158 AD3d 1298, 1298 [4th Dept 2018] [internal quotation marks omitted]). "The doctrine has been applied in cases involving injuries sustained in gyms and fitness centers" (DiBenedetto v Town Sports Intl., LLC, 118 AD3d 663, 663 [2d Dept 2014]). " However, the doctrine of primary assumption of [the] risk will not serve as a bar to liability if the risk is unassumed, concealed, or unreasonably increased' " (Ulin, 158 AD3d at 1298). Here, Hell Barbell and the GGE defendants each established their prima facie entitlement to judgment as a matter of law by submitting evidence that plaintiff had extensive experience with powerlifting and weightlifting in general, including the use of a leg press machine, and that plaintiff, who had modified the leg press machine to hold additional weight and was attempting to press approximately 1,500 pounds, was well aware that he was using the machine in a manner inconsistent with its design. Their evidence further established that, by adding the bar and extra weight, plaintiff exceeded the amount of weight the leg press machine was designed to hold.
In opposition, however, plaintiff raised triable issues of fact whether Hell Barbell or the GGE defendants unreasonably increased the risk associated with the use of the leg press machine by installing and maintaining casters on it (see Zelkowitz v Country Group, Inc., 142 AD3d 424, 427-428 [1st Dept 2016]; Harting v Community Refm. Church of Colonie, 198 AD2d 621, 622 [3d Dept 1993]; see generally Jones v Smoke Tree Farm, 161 AD3d 1590, 1590 [4th Dept 2018]; Alqurashi v Party of Four, Inc., 89 AD3d 1047, 1048 [2d Dept 2011]). Plaintiff submitted evidence establishing that the leg press machine did not have casters when Hell Barbell purchased it. In his deposition testimony, the owner of Hell Barbell stated that the owner of the GGE defendants put the casters on the leg press machine to make it easier to move the machine while the owner of the GGE defendants was installing rubber flooring at Hell Barbell. Plaintiff's expert concluded that one of the casters failed during plaintiff's use of the leg press machine and that the resulting movement of the weight effectively increased the load on plaintiff's legs, thereby causing injury to plaintiff. The expert further opined that casters of the size used on the leg press machine, which are typically designed for relatively light loads of 300 pounds or less per wheel, should have been removed prior to its use. Because there are issues of fact whether the risk plaintiff encountered was unreasonably increased by the installation and subsequent failure of a caster on the leg press machine and whether plaintiff should have been aware of that increased risk, Hell Barbell and the GGE defendants were not entitled to summary judgment dismissing the amended complaint on the ground of assumption of the risk (see Zelkowitz, 142 AD3d at 429).
We agree with Hell Barbell, however, that because it "had no role in the manufacture, sale, or distribution of the injury-producing product, it cannot be held liable for breach of . . . implied warranty" (Mussara v Mega Funworks, Inc., 100 AD3d 185, 191 [2d Dept 2012]; see Dann v Family Sports Complex, Inc., 123 AD3d 1177, 1179 [3d Dept 2014]). We therefore modify the order by granting Hell Barbell's motion in part and dismissing the cause of action for breach of implied warranty.
With respect to the appeal of the GGE defendants, we reject their contention that plaintiff's decision to modify the leg press machine by adding a bar and additional weight constituted the sole proximate cause of the accident (cf. Crawford v Windmere Corp., 262 AD2d 268, 269 [2d Dept 1999]). Here, the cause of the accident is disputed by the parties, with plaintiff blaming the casters, and Hell Barbell and the GGE defendants blaming plaintiff's decision to modify the equipment and his attempt to lift an excessive amount of weight. Because there is evidence to support both theories, we conclude that the GGE defendants were not entitled to summary judgment dismissing the amended complaint on the ground that plaintiff was the sole proximate cause of the accident (see Laboy v Wallkill Cent. Sch. Dist., 201 AD2d 780, 781 [3d [*3]Dept 1994]; see generally Hartsuff v Michaels, 139 AD3d 1005, 1006 [2d Dept 2016]).
We further conclude that the court properly denied the motion of the GGE defendants insofar as it sought summary judgment dismissing the third-party complaint. Although the GGE defendants presented evidence that they were not involved in ordering or installing the rubber flooring at Hell Barbell, that they did not provide Hell Barbell with casters for the leg press machine, and that they did not advise Hell Barbell that it could keep any equipment on casters, Hell Barbell presented conflicting evidence on those factual issues. We thus conclude that there are triable issues of fact sufficient to defeat that part of the motion of the GGE defendants (see generally Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]).
Contrary to the further contention of the GGE defendants, the court did not abuse its discretion in denying that part of their motion seeking dismissal of the third-party complaint as a spoliation sanction based on Hell Barbell's decision to discard the broken caster (see generally Merrill Lynch, Pierce, Fenner & Smith, Inc. v Global Strat Inc., 22 NY3d 877, 880 [2013]). Under the circumstances of this case, the requested sanction is not "commensurate with the particular disobedience it is designed to punish" (id. [internal quotation marks omitted]; see Roberts v Corwin, 118 AD3d 571, 573 [1st Dept 2014]).
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court