Aldalali v Sungold Assoc. Ltd. Partnership (2021 NY Slip Op 03808)





Aldalali v Sungold Assoc. Ltd. Partnership


2021 NY Slip Op 03808


Decided on June 15, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 15, 2021

Before: Renwick, J.P., Kern, Singh, Moulton, JJ. 


Index No. 25776/14E, 43140/15E, 43212/16E, 43195/17E Appeal No. 14053&M-1559 Case No. 2020-04477 

[*1]Deya Aldalali, Plaintiff-Respondent,
v
Sungold Associates Limited Partnership, Defendant-Respondent, Saba Live Poultry Corp. I Doing Business as Saba (2) Live Poultry (Halal), etc., et al., Defendants.
Sungold Associates Limited Partnership, Third-Party Plaintiff-Respondent,
v
HKSM G.C. Co. Inc., Third-Party Defendant-Appellant. [Second Third-Party Action]
Sungold Associates Limited Partnership, Third Third-Party Plaintiff-Respondent,
v
Henry Kessler,Third Third-Party Defendant-Appellant.


Gannon, Rosenfarb & Drossman, New York (Lisa L. Gokhulsingh of counsel), for appellant.
Robert G. Goodman, P.C., New York (Robert G. Goodman of counsel), for Deya Aldalali, respondent.
Gallo Vitucci Klar LLP, New York (Shanna R. Torgerson of counsel), for Sungold Associates Limited Partnership, respondent.



Order, Supreme Court, Bronx County (Donna M. Mills, J.), entered September 16, 2020, which denied third-party defendant (HKSM) and third third-party defendant's (Kessler) motion for summary judgment dismissing all claims, cross claims, and third-party claims as against them, unanimously affirmed, without costs.
Plaintiff's right thumb was severed after he leaned on the exterior metal gate at the entranceway to a building owned by defendant Sungold Associates Limited Partnership and leased to HKSM and Kessler. At the time of the accident, defendant Saba (2) Live Poultry Store was the sublessee of the ground floor store and had exclusive access to the gate.
Supreme Court properly found that HKSM and Kessler, out-of-possession sublessors, failed to establish their prima facie entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). The evidence established that HKSM and Kessler subleased the ground floor store with knowledge that members of the public would be invited onto the premises. HKSM and Kessler therefore had a nondelegable duty to provide the public with a reasonably safe premises and a safe means of ingress and egress (Branham v Loews Orpheum Cinemas, Inc., 31 AD3d 319, 322 [1st Dept 2006], affd 8 NY3d 931 [2007]; Richardson v Schwager Assoc., 249 AD2d 531, 531-532 [2d Dept 1998]).
HKSM and Kessler failed to establish that they lacked constructive notice of the operational condition of the gate (see Joachim v AMC Multi-Cinema, Inc., 129 AD3d 433 [1st Dept 2015]; Schiavone v Seaman Arms, LLC, 178 AD3d 529 [1st Dept 2019]). Kessler's testimony establishes that they never inspected the exterior entranceway to the store, including the gate that caused plaintiff's injuries, before the accident.
M-1559—Aldalali v Sungold Assoc., L.P., et al.
Motion to strike the respondent's brief filed by third-party
plaintiff-respondent/third third-party plaintiff-respondent,
and for costs for the motion, denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 15, 2021