Nestenborg v Standard Intl. Mgt., LLC (2022 NY Slip Op 01247)





Nestenborg v Standard Intl. Mgt., LLC


2022 NY Slip Op 01247


Decided on February 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 24, 2022

Before: Acosta, P.J., Kapnick, Friedman, Singh, Pitt, JJ. 


Index No. 157227/15, 595006/16 Appeal No. 15362 Case No. 2021-00980 

[*1]Carl H.R. Nestenborg, Plaintiff-Respondent,
v
Standard International Management, LLC, et al., Defendants-Appellants. [And Third Party Actions.] 


Cartafalsa, Turpin & Lenoff, New York (Anthony Orcel of counsel), for appellants.
David Horowitz, P.C., New York (Christopher S. Joslin of counsel), for respondent.



Order, Supreme Court, New York County (Erika M. Edwards, J.), entered March 3, 2021, which, to the extent appealed from as limited by the briefs, denied the motion of defendants Standard International Management LLC, Andre Balazs Properties, ABG Standard Operator LLC, and AB Green Gansevoort LLC for summary judgment dismissing the complaint and all cross claims as against them, unanimously affirmed, without costs.
Defendants failed to establish prima facie that they did not create or have notice of the allegedly hazardous condition of the bathroom sink that dislodged from the wall and caused plaintiff's injury. Although defendants submitted testimony regarding their periodic preventive maintenance checks of the hotel guest rooms performed at the time of the witness' deposition, they did not submit any evidence stating when the sink was last inspected before plaintiff's accident. In fact, it was not clear from the evidence whether any periodic checks at all were taking place at the time of plaintiff's accident in 2014 (see Mandel v 340 Owners Corp., 189 AD3d 483, 484 [1st Dept 2020]; Clarkin v In Line Rest. Corp., 148 AD3d 559, 559-560 [1st Dept 2017]). In this regard, defendants' witness on maintenance procedures followed at the hotel was not in their employ on the date of plaintiff's accident. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 24, 2022