| Yurman v Pohl |
|:---:|
| 2024 NY Slip Op 33411(U) |
| September 26, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 160455/2018 |
| Judge: Paul A. Goetz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **HON. PAUL A. GOETZ** | **PART** 47 |
| | *Justice* | |

-----------------------------------------------------------------------X

REED YURMAN,

                         Plaintiff,

              - v -

URSULA POHL, CHURCH STREET APARTMENT CORP.,
PEERSPACE INC.,REAL VISION PRODUCTIONS,
INC.,SPENCER HEWETT, AUTOMATON INC. D/B/A
RADAR, CUITLAHUAC PINEDA YOUNISS

                       Defendants.

-----------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 160455/2018 |
| **MOTION DATE** | 10/19/2023, 10/30/2023, 10/30/2023 |
| **MOTION SEQ. NO.** | 008 009 010 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 008) 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 286, 287, 292, 293, 294, 295, 296, 297, 298, 301, 302, 306, 307, 308, 309, 310, 311, 312

were read on this motion to/for              JUDGMENT - SUMMARY       .

The following e-filed documents, listed by NYSCEF document number (Motion 009) 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 288, 299, 313, 314

were read on this motion to/for              JUDGMENT - SUMMARY       .

The following e-filed documents, listed by NYSCEF document number (Motion 010) 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 289, 300, 303, 304, 305, 315, 316

were read on this motion to/for           SUMMARY JUDGMENT(AFTER JOINDER    .

In this personal injury suit multiple defendants move for summary judgment pursuant to CPLR § 3212 dismissing the complaint against them. In Motion Sequence 008, defendants Church Street Apartment Corp., and Ursula Pohl move for summary judgment and seek and order dismissing the complaint against them, and cross claims against them brought by defendants Real Vision Productions, Inc., Automaton, Inc d/b/a Radar, Spencer Hewett, and Peerspace, Inc; in Motion Sequence 009, defendant Real Vision Productions, Inc, moves for summary judgment dismissing the complaint as against it, and all cross-claims asserted against

**160455/2018  YURMAN, REED vs. POHL, URSULA**
**Motion No.  008 009 010**

**Page 1 of 11**

1 of 11

it; and in Motion Sequence 010, defendant, Peerspace Inc. moves for summary judgment dismissing the complaint as against it, and all cross-claims asserted against it.

## BACKGROUND

This action arises out of an alleged injury that plaintiff suffered when moving a wooden table in an apartment located on the 2nd Floor of 257 Church Street, New York, NY, 10013 (the "premises") (NYSCEF Doc No 1). Defendant, Church Street Apartment Corp. ("Church") is the owner of the cooperative building located at 257 Church Street, where the alleged injury took place (*id.*). Defendant, Ursula Pohl is a shareholder of Church and holds the proprietary lease for the 2nd floor apartment (*id.*). Defendants Spencer Hewett, Cuitlahuac Pineda Youniss, and Automaton, Inc d/b/a Radar ("Radar") were subtenants of Ursula Pohl (*id.*). Defendant Peerspace, Inc. ("Peerspace") is a company which lists and advertises short term sublets for overnight accommodations, events, parties and film/television shoots (*id.*). On January 26, 2018 defendant Real Vision Productions, Inc. ("Real Vision") rented, leased, and booked the premises through the use of Peerspace's website. Real Vision rented the space in order to film a video interview (Bennington EBT; NYSCEF Doc No 251 at 13:2 – 14:14).

Plaintiff, was working as a freelance photographer who was hired to assist during the film interview by Thomas Ramsey, a independent contractor who contracted with Real Vision as the director of photography for the video interview (Yurman EBT; NYSCEF Doc No 249 at 21:24 – 22:4). Plaintiff alleges that on January 26, 2018, while she was working at the premises, she was directed by Ramsey to assist in moving a wooden table so the lighting for the video shoot could be adjusted (*id.* at 29:19 – 30:2). The tabletop consisted of three large wood planks sitting atop two crossbeams that were notched into the four table legs (NYSCEF Doc Nos 212 & 295). The

**160455/2018   YURMAN, REED vs. POHL, URSULA**
**Motion No.  008 009 010**

**Page 2 of 11**

2 of 11

three wood planks each weighed between 107 and 123 pounds were not attached to the rest of the table and relied solely on gravity to hold them in place (*id.*).

Plaintiff alleges that while she was attempting to help move the table, she pushed one of the planks, and because it was not attached to the crossbeams it slid onto the ground, crushing her fingers (Yurman EBT; NYSCEF Doc No 249 at 33:7 – 33:16). Plaintiff alleges that the injury partially amputated one of her fingers and required three surgeries to repair the injured fingers (*id.* at 36:18 – 38:2; 41:8 – 41:19; 42:23 – 43:16; 45:23 – 46:19).

## **DISCUSSION**

*Summary Judgment Standard*

It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action" (*Cabrera v Rodriguez*, 72 AD3d 553, 553-54 [1st Dept 2010]).

"The court's function on a motion for summary judgment is merely to determine if any triable issues exist, not to determine the merits of any such issues or to assess credibility" (*Meridian Mgt. Corp. v Cristi Cleaning Serv. Corp.*, 70 AD3d 508, 510-11 [1st Dept 2010] [internal citations omitted]). The evidence presented in a summary judgment motion must be examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza*

**160455/2018   YURMAN, REED vs. POHL, URSULA**                    **Page 3 of 11**
**Motion No.  008 009 010**

3 of 11

*Co. LLC*, 153 AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]) and bare allegations or conclusory assertions are insufficient to create genuine issues of fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]).

*Negligence against Church*

Church argues that it is an out of possession landlord and owed no duty to plaintiff. Church also argues that even if it did owe a duty to plaintiff, it did not breach that duty as plaintiff has failed to establish that the table was defective.

"To establish a prima facie case of negligence, the plaintiff must demonstrate that (1) the defendant owed the plaintiff a duty of reasonable care; (2) the defendant breached that duty; and (3) a resulting injury was proximately caused by the breach" (*Solomon v City of New York*, 499 NY2d 392 [1985]). "Landowners generally owe a duty of care to maintain their property in a reasonably safe condition, and are liable for injuries caused by a breach of this duty" (*Henry v Hamilton Equities, Inc.*, 34 NY3d 136, 142 [2019]). "In contrast, a landowner who has transferred possession and control [i.e., an out-of-possession landlord] is generally not liable for injuries caused by dangerous conditions on the property" (*id.* [internal quotation marks removed]). "[W]ithout notice of a specific dangerous condition, an out-of-possession landlord cannot be faulted for failing to [remedy] it (*Chapman v Silber*, 97 NY2d 9, 20 [2001]. However, an out of possession landlord may be held liable if it "(1) is contractually obligated to make repairs or maintain the premises or (2) has a contractual right to reenter, inspect and make needed repairs and liability is based on a significant structural or design defect that is contrary to a specific statutory safety provision" (*Padilla v Holrod Assoc. LLC*, 215 AD3d 573, 573 [1st

**160455/2018   YURMAN, REED vs. POHL, URSULA**                                    **Page 4 of 11**
**Motion No.  008 009 010**

4 of 11

[* 4]

Dept 2023]). Once, a defendant meets their burden of establishing that they are an out of possession landlord, the burden shifts to plaintiff "to raise issues of fact regarding defendant's status as an in-possession landlord" or that they meet one of the exceptions that can hold an out of possession landlord liable (*Vargas v Weishaus*, 199 AD3d 620 [1st Dept 2021])

Here, Church submits an affidavit from Ming Lu, the president and a shareholder of Church. Lu avers that the premises had been leased to Ursula Pohl, and that Church was not responsible for maintaining the condition of the furniture inside the apartment (NYSCEF Doc No 209). Church also submits the Proprietary Lease between Church and Pohl, which states that Church has a right of reentry to make repairs, however Church's responsibility to repair is limited and does not include furniture within apartments (NYSCEF Doc No 210). Plaintiff and Real Vision fail to raise a triable issue of fact in opposition to Church's *prima facie* showing that it was an out of possession landlord.

Real Vision argues that Church should be precluded from submitting the Proprietary Lease as evidence, because a July 20, 2023 status conference order precluded Church from introducing documents into evidence that were not provided in response to Real Vision's post EBT demands dated September 8, 2022 (NYSCEF Doc Nos 308, 309, and 310). Specifically, Real Vision had demanded "A copy of the house rules including the prohibition against subletting apartments on AirBNB" (NYSCEF Doc No 308), and Church responded stating "Defendant does not have a copy of the house rules, including the prohibition against subletting apartments on AirBNB" (NYSCEF Doc No 309). Real Vision notes that the Proprietary Lease submitted by Church includes a copy of the house rules and argues that because of this, the court should preclude the introduction of the entire Proprietary Lease (NYSCEF Doc No 210 at p 27). Because, the court "has broad discretion in supervising disclosure and in resolving discovery

**160455/2018   YURMAN, REED vs. POHL, URSULA**
**Motion No.  008 009 010**

**Page 5 of 11**

5 of 11

disputes" Church will only be precluded from offering the portion of the Proprietary Lease which includes the house rules (*Pizzo v Lustig*, 216 AD3d 38, 44 [2d Dept 2023]). The portion of the Proprietary Lease establishing Church as an out of possession landlord is admissible. Therefore, plaintiff and Real Vision have failed to rebut Church's *prima facie* showing that it cannot be held liable for plaintiff's injuries since it is an out of possession landlord.

Accordingly, summary judgment will be granted in Church's favor and the complaint and the cross-claims against Church will be dismissed.

*Negligence against Pohl*

Pohl argues that she too is an out of possession landlord and cannot be held liable because she owed no duty to plaintiff. She also argues that even if she did owe a duty to plaintiff, that duty was not breached because there was no defect in the table. Plaintiff and Peerspace oppose arguing that Pohl owed a duty to plaintiff because she had a right to reenter the apartment, was aware of the danger the table posed, and that she breached that duty by failing to maintain, repair, and/or warn of any allegedly defective conditions.

"An out of possession landlord may not be held liable even if it had notice of the defective condition prior to the accident" (*Padilla v Holrod Assoc. LLC*, 215 AD3d 573, 574 [1st Dept 2023]). However, while "liability may attach to an out-of-possession owner who has affirmatively created a dangerous condition or defect" (*Utica Mut. Ins. Co. v Brooklyn Navy Yard Dev. Corp.*, 83 AD3d 817, 819 [2d Dept 2011]).

Here, unlike the Proprietary Lease between Church and Pohl, the sublease between Pohl and Hewett includes a provision establishing that Pohl maintained ownership of the table

**160455/2018   YURMAN, REED vs. POHL, URSULA**
**Motion No.  008 009 010**

**Page 6 of 11**

6 of 11

(NYSCEF Doc No 232 ¶ 35[1] & 53[2]). Therefore, there is a question of fact as to whether Pohl was an out of possession landlord. Further, even assuming Pohl can satisfy her burden of establishing that she was an out of possession landlord, there exists a triable issue of fact as to whether she created a dangerous condition by requiring that the table remain in the apartment despite being aware of the potential hazard it created if someone attempted to move it. Accordingly, Pohl's motion for summary judgment will be denied.

*Negligence against Real Vision*

Real Vision argues that the complaint must be dismissed as against it because it owed no duty to plaintiff. It argues that it did not cause or create the allegedly dangerous condition, nor did it have actual or constructive notice of the condition. Plaintiff argues that there are triable issues of fact regarding Real Vision's notice of the dangerous condition.

"As a general rule, liability for a dangerous condition on real property must be predicated upon ownership, occupancy, control, or special use of the property" (*Knight v 177 W. 26 Realty, LLC*, 173 AD3d 846, 847 [2d Dept 2019]). To establish liability plaintiff must show "the defendant either created the condition which caused the accident, or that it had actual or

---

[1] "Furniture – The Apartment is being subleases as partially furnished; a rider attached to this Sublease lists all furniture and furnishings contained in the Apartment. You shall accept the furniture and furnishings contained in the Apartment "as is" on the commencement date of this Sublease. Owner represents that all such furniture and furnishings are in good repair and in working order on the commencement date of this Sublease except as may be noted in such rider.
    You shall take good care of the furniture and furnishings during the pendency of this Sublease and shall be liable for any damages caused by You to such furniture and furnishings. You shall not be responsible for any damages to such furniture and furnishings not caused by You or caused by ordinary wear and tear. You shall surrender such furniture and furnishings when this Sublease terminates in the same condition as the date this Sublease commenced, subject to ordinary wear and tear. If any repairs are required to the furniture and furnishings in the Apartment, You shall pay Owner upon demand the cost of any required repairs.
    You mat not remove any furniture to furnishings from the Apartment or change the location of any such furniture or furnishings during the pendency of this Sublease without Owner's prior written consent.
[2] "Supplementing paragraph 35, the furniture which shall be left in the Apartment include: 1 large wooden table, 1 super store book cabinet, 1 wall length white book case, 1 foldable sofa bed, 2 white chairs, and 1 small round table. All furniture shall be returned to Landlord in good condition in accordance with this Lease"

**160455/2018   YURMAN, REED vs. POHL, URSULA**
**Motion No.  008 009 010**

**Page 7 of 11**

7 of 11

[* 7]

constructive notice of the hazardous condition and a reasonable time within which to correct it" (*Campanella v 1955 Corp.*, 300 AD2d 427, 427 [2d Dept 2002]).

Here, it is undisputed that Real Vision did not own, purchase, design or create the table. To establish lack of actual notice, Real Vision submits deposition testimony of co-defendant Spencer Hewett who testified that he never posted any rules or directions on Peerspace regarding the table or potential hazards in moving it (NYSCEF Doc No 252 at 62:9 – 62:13). However, Hewett also testified that co-defendant, Cuitlahuac Youniss, would generally tell tenants who were renting the apartment not to move the table (*id*. at 62:18 – 63:19). Real Vision also submits the testimony of Real Vision, employee Ash Bennington, who testified that when he arrived at the film shoot, he did not receive any instructions about the table or any furniture in the apartment (NYSCEF Doc No 251 at 27:2 – 27:11). However, Bennington also stated that because he was a member of the editorial team, receiving these instructions "would have been outside of [his] purview" (*id*. at 27:10 – 27:11).

While Bennington's testimony may establish that *he* lacked actual notice of the allegedly dangerous condition, it does not establish that Real Vision did not receive actual notice because Bennington was not the Real Vision employee charged with setting up the shoot. As such, Real Vision has not established that it did not receive a warning regarding the table and thus is unable to establish a lack of actual notice (see *Clarkin v In Line Rest. Corp.*, 148 AD3d 559 [1st Dept 2017]). Accordingly, Real Vision's motion for summary judgment will be denied.

*Negligence Against Peerspace*

Peerspace argues that it cannot be found liable for plaintiff's injuries because it did not owe a duty to plaintiff since it had no control over the apartment where her injury occurred. Plaintiff argues that Peerspace had notice of the allegedly dangerous table and that Peerspace

**160455/2018 YURMAN, REED vs. POHL, URSULA**
**Motion No. 008 009 010**

Page 8 of 11

8 of 11

owes a duty to ensure that the properties that are rented on its website are safe for the people who rent them.

"Generally, liability for a dangerous or defective condition on real property must be predicated upon ownership, occupancy, control or special use of that property" (*Garcia v Town of Babylon Indus. Dev. Agency*, 120 AD3d 546, 548 [2d Dept 2014]).

Here, it is undisputed that Peerspace did not own, control, operate, or maintain the apartment. Therefore, as a matter of law it did not owe a duty to plaintiff to protect her from an allegedly dangerous condition on the property. While plaintiff argues that Peerspace had actual notice of the table since Peerspace "did not owe a duty to the plaintiff ... the issue of whether it had notice of the alleged dangerous condition" is irrelevant (*id.* at 547). Further, plaintiff argues that a rental website owes a duty to inspect the properties that are listed on its website, but does not cite any legal authority to support her argument. Accordingly, Peerspace's motion for summary judgment will be granted and the complaint as against it will be dismissed.

*Cross-Claims as against Peerspace*

Peerspace also moves to dismiss the cross-claim as against it by co-defendant Hewett for breach of contract for failure to procure insurance. Peerspace argues that there was no contract between Peerspace and Hewett because the booking on the Peerspace website was between Real Vision and co-defendant Youniss. Further, Peerspace argues that pursuant to the terms of its contract, supplemental insurance coverage is contingent upon the host already having primary insurance, which Youniss did not procure. Hewett does not submit any opposition to this motion.

Peerspace submits the listing of the apartment showing that it was associated with Youniss (NYSCEF Doc No 261). Consequently, Peerspace has established that there was no

**160455/2018   YURMAN, REED vs. POHL, URSULA**
**Motion No.  008 009 010**

**Page 9 of 11**

9 of 11

[* 9]

contract between Peerspace and defendant Hewett. Accordingly, Hewett's breach of contract cross-claim as against Peerspace will be dismissed.

Accordingly it is

ORDERED that defendant Church Street Apartment Corp.'s motion for summary judgment (MS #008) is granted and the complaint is dismissed as against it and the clerk is directed to enter judgment accordingly; and it is further

ORDERED that defendant Ursula Pohl's motion for summary judgment (MS #008) is denied; and it is further

ORDERED that defendant Real Vision Productions, Inc.'s motion for summary judgment (MS #009) is denied; and it is further

ORDERED that defendant Peerspace Inc.'s motion for summary judgment (MS #010) is granted and the complaint and cross-claims are dismissed as against it and the clerk is directed to enter judgment accordingly; and it is further

ORDERED that the caption in this matter is hereby amended as follows:

REED YURMAN,

Plaintiffs,

- v —

URSULA POHL, REAL VISION PRODUCTIONS, INC.,SPENCER HEWETT, AUTOMATON INC. D/B/A RADAR, CUITLAHUAC PINEDA YOUNISS

Defendants.

And it is further

ORDERED that all papers, pleadings, and proceedings in the above-entitled action be amended in accordance with this change, without prejudice to the proceedings heretofore had herein; and it is further

**160455/2018 YURMAN, REED vs. POHL, URSULA**
**Motion No. 008 009 010**

Page 10 of 11

ORDERED that defendant Church Street Apartment Corp. shall, within 30 days of entry of this order, serve a copy of this order with notice of entry upon the County Clerk and the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such service upon the County Clerk and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

20240926124403PGOETZ12E30FFFA1ED444B19C6F3999BDE868D4

| 9/26/2024 | | | |
| --- | --- | --- | --- |
| **DATE** | | | **PAUL A. GOETZ, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

160455/2018   YURMAN, REED vs. POHL, URSULA
Motion No. 008 009 010

Page 11 of 11

11 of 11

[* 11]